S96Y0698. IN THE MATTER OF LISA LOMBARD-CLARKE.

(468 SE2d 373)

PER CURIAM.

After investigating a grievance filed by a former client against Respondent Lisa Lombard-Clarke, the Investigative Panel of the State Disciplinary Board of the State Bar of Georgia found probable cause to believe that Respondent had engaged in conduct violative of Standards 4, 44, 45, 65, and 68 of Rule 4-102 of the Rules and Regulations of the State Bar of Georgia. When Respondent failed to respond to the Notice of Investigation, this Court granted the State Bar's notice for an interim suspension, thereby suspending Respondent from the practice of law on January 25, 1995. Rule 4-204.3 (d) (2). There-

---

after, Respondent filed an adequate response to the Notice of Investigation.

The Investigative Panel's finding of probable cause was based on the following facts: Respondent represented the complainant in a divorce action filed in Texas by the complainant's husband. After the Texas court entered a default judgment in favor of the complainant's former husband, Respondent wrongly obtained a Georgia judge's signature on what appeared to be a default judgment in an action purportedly filed in Georgia, which judgment purported to grant a divorce and divide a certain marital asset. Respondent misrepresented the status of the divorce proceedings to her client and, after unsuccessfully attempting to obtain one-half of the marital asset for her client, placed $21,680 of her personal funds in her firm's trust account and sent a firm check in that amount to the client, indicating that it was the client's share of the marital asset. Shortly thereafter, Respondent voluntarily discontinued the practice of law and admitted herself to the Johns' Hopkins University Clinic where she was diagnosed as suffering from bipolar manic depression and obtained psychiatric treatment.

After being made aware that Respondent has not been the subject of previous discipline and has not previously been found to have violated any disciplinary rules, the Investigative Panel recommends an 18-month suspension retroactive to January 25, 1995, the date Respondent's interim suspension commenced, with the suspension to continue until Respondent submits a report from a board-certified psychiatrist that she is mentally fit to return to the practice of law. The panel also recommends that, for a year following the conclusion of Respondent's suspension, Respondent monthly submit a report from a board-certified psychiatrist which report states that Respondent continues to be mentally fit to practice law. Respondent has notified this Court of her acceptance of the Notice of Discipline.

The court approves and accepts the recommendation of the Investigative Panel and orders Respondent suspended until she complies with the required certification. For the year following the lifting of her suspension, Respondent must present monthly reports from a board-certified psychiatrist stating she is mentally fit to practice law. The reports are to be submitted to the Lawyer Assistance Program of the State Bar of Georgia. Finally, the court directs Respondent's attention to her obligations concerning client notification under Bar Rule 4-219 (c).

*Suspended. All the Justices concur.*

DECIDED APRIL 8, 1996.

*William P. Smith III, General Counsel State Bar, Kathryn B.*

*Singer, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Warren R. Hinds,* for Lombard-Clarke.