## S05Y1988. IN THE MATTER OF RODNEY B. GLASS.

(619 SE2d 677)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Rodney B. Glass' Petition for Voluntary Discipline in which he requests a six to twelve-month suspension for his admitted violation of Rule 8.4 (a) (4) of Bar Rule 4-102 (d) with reinstatement automatic upon proof of receipt of a medical release. The State Bar recommends acceptance of Glass' petition with the imposition of a twelve-month suspension.

In his petition, Glass who has been a member of the State Bar of Georgia since 1997, admits that he misappropriated $47,000 of his former law firm's money for his own use. He asserts that, since leaving the firm in October 2003 he has made full restitution to the firm and has paid additional monies to reimburse the firm for the fees it expended in performing an internal audit. Respondent admits that his actions were wrongful, but notes that no clients were harmed since the misappropriated money came from the firm's operating accounts rather than its trust accounts. While admitting that his actions violated Rule 8.4 (a) (4), respondent submits that his misbehavior stemmed from mental disabilities and chemical imbalances that he had been suffering under for years; that he is now under the care of mental health professionals who are treating his conditions; and that he has voluntarily refrained from practicing law since leaving his former firm.

Based on the record as a whole, we agree that respondent's actions violate Rule 8.4 (a) (4). Although such a violation may be punished by disbarment, we find in mitigation that Glass has no prior disciplinary record; that he has been cooperative in these disciplinary proceedings; that his misconduct was in part the result of mental or emotional difficulties; that he has taken responsibility for his actions, including making full restitution; that his actions harmed no client; and that he is truly remorseful for his conduct. We further note that suspensions have been ordered by this Court in similar matters. See *In the Matter of Ross*, 272 Ga. 448 (531 SE2d 356) (2000); *In the Matter of Lombard-Clarke*, 266 Ga. 555 (468 SE2d 373) (1996).

Therefore, we accept Glass' petition and order that Glass be suspended from the practice of law in Georgia for a period of twelve months from the date of this opinion with his reinstatement conditioned on his proof to the State Bar of Georgia that he has obtained, from his personal physician and from the mental health specialists providing his care, reports indicating that he is fit to return to the practice of law. Glass is reminded of his duties under Bar Rule 4-219 (c).

*Twelve-month suspension with conditions. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Beltran & Associates, Douglas V. Chandler*, for Glass.