S10Y0571. IN THE MATTER OF MICHAEL J. C. SHAW.

(691 SE2d 544)

PER CURIAM.

This disciplinary matter is before the Court on Michael J. C. Shaw's petition for voluntary discipline filed pursuant to Bar Rule 4-227. Shaw requests a six to twelve month suspension, preferably retroactive to June 22, 2009, for his admitted violations of Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for a violation of the rule is disbarment. The State Bar has filed a response stating that the interests of the public and the Bar would be best served by accepting the petition and imposing a suspension ranging from at least six months to a year.

In the petition, Shaw, who has been a member of the Bar since 1999, admits that while he was employed as an associate attorney at a law firm in bankruptcy and commercial-foreclosure litigation, he performed work for clients, submitted invoices to the firm's accounting department, received checks, endorsed the checks over to himself, and deposited the funds into his personal checking account. From 2003 to 2009 Shaw performed skip traces or other investigative services for clients himself, but submitted invoices in the name of Joe Rickman, a Clayton County investigator, who also performed those services for the firm. The Rickman invoices were in the approximate

total amount of $90,000. From 2005 to 2009, Shaw performed title-examination services for clients himself, but submitted invoices in the name of Tom Lee, a fictitious vendor. The Lee invoices were in the approximate total amount of $403,000. In June 2009 a client's billing review caused the firm to discover Shaw's misconduct, and he was terminated on June 22, 2009. Shaw states that he cooperated fully with the firm's investigation and promptly repaid the sum of $526,922, as requested by the firm. Shaw states that while he assists his former clients by providing post-foreclosure confirmation affidavits as drafted by firm personnel, he has not had direct contact with former clients or practiced law since his termination.

Shaw attached the firm's letter advising the State Bar of Shaw's conduct pursuant to Bar Rule 8.3. He states that he "admits that most of the factual allegations contained therein are true." The letter provides, among other things, that Shaw obtained Lee's social security number from federal bankruptcy filings and submitted fraudulent W-9 forms in Lee's name to the firm. Shaw also attaches letters in support of his petition from a client, seven lawyers, a Florida state representative, his psychologist Michael McGarry, and his pastoral counselor Reverend Vic Smith.

In mitigation, Shaw states that he has no prior disciplinary record. Shaw states that his misconduct occurred while he was grappling with the deaths of his grandparents, his wife's personal injuries and the resulting lawsuit, his wife's miscarriage of her first pregnancy, and his wife's complicated second pregnancy. Shaw is undergoing regular treatment with psychologist Dr. McGarry, who states that Shaw's presenting issues were consistent with Depressive Disorder and Anxiety Disorder. Dr. McGarry further states that he is "optimistic that given [Shaw's] continued participation in psychotherapy that the likelihood of issues similar to the ones currently under examination will be significantly reduced in the future." Shaw is also undergoing regular counseling with Reverend Smith, who states that Shaw has "accept[ed] full responsibility for his actions and expresses a deep desire to learn from his mistakes." Shaw states that he cooperated fully with the firm's and the Bar's investigation. Shaw acknowledges his responsibility for his misconduct and is deeply sorry for the harm he caused. Shaw is an active member of Vinings Lake Church where he attends weekly small-group meetings, and has volunteered at Camp Twin Lakes, Habitat for Humanity, and Hands on Atlanta.

Having carefully reviewed the record and the factors in mitigation, the Court agrees that Shaw violated Rule 8.4 (a) (4), but finds that a six-month to one-year suspension is an inappropriate sanction

in view of the scope and extent of Shaw's fraudulent and deceptive conduct. Accordingly, this Court hereby rejects Shaw's petition for voluntary discipline. Shaw is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline rejected. All the Justices concur.*

NAHMIAS, Justice, concurring.

In my view, Michael J. C. Shaw is fortunate not to be incarcerated in a state or federal prison for the half-million-dollar fraud he perpetrated against his employer, along with related crimes such as identity theft and misuse of someone else's social security number. His multi-year, multi-faceted scheme ended only when he was caught. I join the Court's unanimous decision rejecting Shaw's petition for voluntary discipline of a six-to-twelve month suspension, "preferably retroactive" to the date he stopped practicing law, which occurred when his law firm discovered his scheme and terminated him. I write to express how troubling I find it that Shaw and, even worse, the State Bar apparently believe that such a short "break" from practicing law is appropriate discipline for his extended, extensive, and serious misconduct, notwithstanding the factors he presents in mitigation. I expect that most members of the Bar, and almost every citizen in this State, would be equally disturbed by that concept of attorney discipline.

I am authorized to state that Presiding Justice Carley joins in this concurrence.

DECIDED MARCH 15, 2010.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Carlock, Copeland & Stair, Johannes S. Kingma, Peter Werdesheim,* for Shaw.