## S10Y1258. IN THE MATTER OF MICHAEL J. C. SHAW.
### (695 SE2d 640)

PER CURIAM.

This disciplinary matter is before the Court on Michael J. C. Shaw's (State Bar No. 638601) amended petition for voluntary discipline filed pursuant to Bar Rule 4-227. Shaw requests a two to four-year suspension from the date of the Court's opinion with reinstatement conditioned upon delivery to the Office of General Counsel of the State Bar a report and recommendation from a psychologist or psychiatrist that he is fit to return to the practice of law, for his admitted violations of Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for a violation of the rule is disbarment. The Court rejected Shaw's first petition for voluntary discipline in which he sought a six to twelve-month suspension. In its opinion rejecting the petition, the Court stated that a six to twelve-month suspension was inappropriate "in view of the scope and extent of Shaw's fraudulent and deceptive conduct." *In the Matter of Shaw*, 286 Ga. 725 (691 SE2d 544) (2010).

In his petition, Shaw, who has been a member of the Bar since 1999, admits that while he was employed as an associate attorney at a law firm in bankruptcy and commercial foreclosure litigation, he performed work for clients, submitted invoices to the firm's accounting department, received checks, endorsed the checks over to himself, and deposited the funds into his personal checking account. From 2003 to 2009 Shaw performed skip traces or other investigative services for clients himself, but submitted invoices in the name of Joe Rickman, a Clayton County investigator, who also performed those services for the firm. The Rickman invoices were in the approximate total amount of $90,000. From 2005 to 2009, Shaw performed title examination services for clients himself, but submitted invoices in the name of Tom Lee, a fictitious vendor. The Lee invoices were in the approximate total amount of $403,000. In June 2009 a client's billing review caused the firm to discover Shaw's misconduct, and he was terminated on June 22, 2009. Shaw states that he cooperated fully with the firm's investigation and promptly repaid the sum of $526,922, as requested by the firm. Shaw states that while he assists his former clients by providing post-foreclosure confirmation affidavits as drafted by firm personnel, he has not had direct contact with former clients or practiced law since his termination.

Shaw attached the firm's letter advising the State Bar of Shaw's conduct pursuant to Bar Rule 8.3. He states that he "admits that most of the factual allegations contained therein are true." The letter provides, among other things, that Shaw obtained Lee's social security number from federal bankruptcy filings and submitted

fraudulent W-9 forms in Lee's name to the firm. Shaw also attaches letters in support of his petition from a client, seven lawyers, a Florida state representative, his psychologist Dr. Michael McGarry, and his pastoral counselor Reverend Vic Smith.

In mitigation, Shaw states that he has no prior disciplinary record. Shaw states that his misconduct occurred while he was grappling with the deaths of his grandparents, his wife's personal injuries and the resulting lawsuit, his wife's miscarriage of her first pregnancy, and his wife's complicated second pregnancy. Shaw is undergoing regular treatment with psychologist Dr. McGarry, who states that Shaw's presenting issues were consistent with Depressive Disorder and Anxiety Disorder. Dr. McGarry further states that he is "optimistic that given [Shaw's] continued participation in psychotherapy that the likelihood of issues similar to the ones currently under examination will be significantly reduced in the future." Shaw is also undergoing regular counseling with Reverend Smith, who states that Shaw has "accept[ed] full responsibility for his actions and expresses a deep desire to learn from his mistakes." Shaw is an active member of Vinings Lake Church where he attends weekly small group meetings, and has volunteered at Camp Twin Lakes, Habitat for Humanity, and Hands on Atlanta.

In his amended petition Shaw cites several cases in which lawyers were suspended for some period of time for various forms of misappropriation of funds, and notes that as in *In the Matter of Glass*, 279 Ga. 666 (619 SE2d 677) (2005) (12-month suspension for misappropriating $47,000 of law firm funds for his own use), Shaw has taken responsibility for his actions and reimbursed his former law firm, did not take money from the firm's trust account, has voluntarily refrained from practicing law since leaving his former firm, suffered from undiagnosed mental health conditions for which he is now obtaining treatment, has no prior disciplinary record, has fully cooperated with the disciplinary proceedings and has expressed remorse for his actions.

The State Bar filed a response to the amended petition and, despite having recommended acceptance of Shaw's first petition, now objects to any sanction short of disbarment.

Having once again carefully reviewed the record and the factors in mitigation, the Court agrees that Shaw violated Rule 8.4 (a) (4), but finds that a two to four-year suspension is an inappropriate sanction in view of the scope and extent of Shaw's fraudulent and deceptive conduct, see *In the Matter of Zagoria*, 286 Ga. 415 (687 SE2d 832) (2010) (attorney disbarred for stealing over $300,000 from his former law firm). Accordingly, this Court hereby rejects Shaw's amended petition for voluntary discipline. Shaw is reminded of his duties under Bar Rule 4-219 (c).

*Amended petition for voluntary discipline rejected. All the Justices concur.*

DECIDED JUNE 7, 2010.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Carlock, Copeland & Stair, Peter Werdesheim, Johannes S. Kingma*, for Shaw.