S97Y1055. IN THE MATTER OF JOSEPH H. HODGES III.
(485 SE2d 791)

PER CURIAM.

In this disciplinary proceeding, Joseph H. Hodges III acknowledges the State Bar's charges against him regarding his misuse of one client's funds for the benefit of another client and agrees to a two-year suspension. We have reviewed the record and agree that a two-year suspension is appropriate.

Hodges filed an acceptance to the State Bar's Notice of Discipline admitting the facts alleged. The president of a corporation retained Hodges to assist him in preparing a disclosure document for a private placement stock offering. Hodges agreed to act as escrow agent and received funds totaling $144,400 from investors. When the corporation was ready to end the offering, Hodges sent three checks totaling that amount to the corporation, but one of the checks was returned for insufficient funds. Hodges admitted intentionally providing the funds to another client, a business in which he had a personal financial interest. Subsequently, Hodges paid the corporation the total amount of the bad check plus interest and reimbursed it for attorney fees incurred in connection with his failure to promptly pay the funds held in trust.

Hodges acknowledges that his conduct violates Standards 61 (failure to promptly notify a client of receipt of client funds and failure to promptly deliver those funds to the client) and 63 (failure to maintain a complete record of all client funds and to render appropriate accounts to clients regarding their funds) of Bar Rule 4-102 (d). We agree with the State Bar that an aggravating factor present in this case is the fact that Hodges has substantial experience in the practice of law. In mitigation, we note that Hodges has no prior discipline, made a good faith effort to make restitution, made a full disclo-

sure to disciplinary authorities, and has expressed remorse regarding his misconduct. See ABA Standards for Imposing Lawyer Sanctions (1991), Standards 9.22 (I) and 9.32 (a), (d), (e) and (l).

Having reviewed the record and considering the aggravating and mitigating circumstances, we order that Joseph H. Hodges III be suspended from the practice of law in the State of Georgia for two years from the date of this opinion. We remind him of his duties and responsibilities under Bar Rule 4-219 (c).

*Two-year suspension. All the Justices concur. Carley, J., disqualified.*

DECIDED JUNE 9, 1997.

*William P. Smith III, General Counsel State Bar, Steven J. Kaczkowski, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Morris, Manning & Martin, George E. Hibbs,* for Hodges.