S97Y1802. IN THE MATTER OF ODRIE MARIA CHAPMAN.
(492 SE2d 235)

PER CURIAM.

This disciplinary proceeding is before the court on differing recommendations by the special master, the review panel and the State Bar as to the period for which Respondent Odrie Maria Chapman should be suspended from the practice of law. Chapman admits to violating Standards 23 (failure to return unearned fees promptly on withdrawal of representation of a client); 44 (wilful abandonment or disregard of a legal matter); 61 (failure to notify client of receipt of funds promptly and deliver same); 63 (failure to maintain complete records of client funds and render appropriate accounts); and 65 (commingling client's funds with lawyer's; failure to account for trust property; failure to deposit client funds into trust account) of Bar Rule 4-102, and accedes to a suspension. The special master has recommended a twelve-month suspension, the majority of the review panel (seven to three) agree with the special master, and the State Bar recommends a suspension of eighteen months to two years. Chapman has requested a six-month suspension. Both the special master and the review panel recommend conditioning Chapman's reinstatement on completion of the State Bar's Law Practice Management Program with particular focus on procedures regarding trust accounts.

The conduct underlying this disciplinary proceeding arises from

three formal complaints against Chapman and five pending complaints involving primarily Chapman's failure to refund fees, failure to perform services and her failure to handle trust funds properly. Two of the cases have been dismissed by stipulation, and the parties have stipulated to all facts. After an evidentiary hearing, the special master found that Chapman's conduct was not the result of intent to take client funds or fail to deliver services, but instead was a result of her failure to establish guidelines and procedures in her office.

Upon consideration of the foregoing, and on review of the records in these cases, we adopt the recommendation of the special master and the majority of the review panel that a 12-month suspension is appropriate in this case, provided she complies with the post-reinstatement conditions imposed herein. While we accept that Chapman's conduct was not intentional, she nevertheless caused harm to numerous clients, supporting a suspension of more than the six months she requests.

We agree that Chapman can benefit from counseling in the area of law practice management. Accordingly, upon her reinstatement, Chapman shall complete an evaluation and assessment of her practice management procedures, to be conducted by an independent consultant approved by the State Bar's Law Practice Management Program.

Within 120 days of reinstatement, Chapman shall participate in and pay for a full evaluation and assessment, with particular focus on the procedures regarding her trust accounts. In that regard, she must waive confidentiality so that the Office of General Counsel may confirm that she has undergone and paid for the assessment. Within a reasonable time following the review of her practice, but no later than three months, Chapman must present to the State Bar certification from the independent consultant that she has complied with the administrative and/or operational changes recommended. If Chapman fails to comply with these post-reinstatement conditions and on the State Bar's motion in this Court, Chapman shall be subject to immediate suspension or other discipline by this Court.

Chapman is reminded of her duties under Bar Rule 4-219 (c) to notify all clients timely of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Twelve months suspension, with conditional reinstatement. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of

Georgia.
*Tony L. Axam,* for Chapman.