*Morris, Manning & Martin, George E. Hibbs,* for Allen.

S98Y0342. IN THE MATTER OF ALBERT F. TAYLOR.
(493 SE2d 708)

PER CURIAM.

This disciplinary matter is before the court on the Petition for Voluntary Discipline of the Respondent, Albert F. Taylor. The State Bar and the special master appointed by this Court to conduct an investigation recommend that the court accept Taylor's Petition. Taylor admits violating Standard 65 (A) (failure to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d) in connection with his representation as co-executor of an estate. Taylor was appointed co-executor of the estate under the terms of a will he had prepared for a client prior to her death. Upon the client's death, Taylor, in his capacity as an executor, opened both a bank account and a brokerage investment account on behalf of the estate. These accounts were funded by the estate. Due to his failure to supervise adequately an employee of his law firm, funds derived from the property of the estate were inappropriately allocated and diverted by the employee to her personal use.

Taylor admits that by virtue of the inappropriate allocation of funds from the estate, he failed to account for trust property in violation of Standard 65 (A) of Bar Rule 4-102 (d). In his petition, filed pursuant to Bar Rule 4-227 (c), Taylor requests that this Court impose a two-year suspension from the practice of law as an appropriate sanction in this case. Although a violation of Standard 65 (A) of Bar Rule 4-102 (d) may be punished by disbarment, this Court considers the fact that restitution has been made to the estate and the fact that Taylor has cooperated fully with the disciplinary authorities throughout these proceedings to be mitigating circumstances in this case.

We have reviewed the record and agree with the State Bar and the special master that a two-year suspension is an appropriate sanction in this case. However, we reject Taylor's request that this Court exercise its discretion and delay his suspension until December 31; 1997. Accordingly, Taylor is hereby suspended for a period of two years from the date of this opinion.

Taylor is reminded of his duties under Bar Rule 4-219 (c) to notify timely all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Two-year suspension. All the Justices concur.*

DECIDED DECEMBER 18, 1997.

William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar, for State Bar of Georgia.

Morris, Manning & Martin, George E. Hibbs, for Taylor.