S98Y0439. IN THE MATTER OF ALVIN L. KENDALL.

(494 SE2d 672)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by the respondent, Alvin L. Kendall, fol-

lowing the State Bar's formal complaint and Kendall's response thereto. In his petition, Kendall admits violating Standards 63 (failing to maintain complete records of client funds and property and to render appropriate accounts to client) and 65 (commingling client funds with those of attorney and failing to account for trust property held in fiduciary capacity) of Bar Rule 4-102 (d). We agree with the State Bar and the special master that in light of Kendall's admitted conduct in failing to maintain properly funds held in trust, and failing, after several demands, to render accounts of those funds, and considering the aggravating and mitigating factors involved, a three-year suspension with conditions is the appropriate sanction.

Kendall admits mishandling funds held in trust in connection with his retention by an elderly client to manage funds from a settlement of her personal injury case. Although the client instructed Kendall not to disburse funds to her daughters, one of her daughters subsequently became the client's legal guardian. Kendall failed to provide the daughter with an accounting of the client's funds even after the daughter retained a lawyer who provided Kendall with documentation he requested regarding the guardianship. Kendall admits that during the relevant period of time he did not maintain sufficient account balances in his lawyer trust account from which the client could receive her funds although he did disburse funds on her behalf as she requested. After the State Bar filed its complaint against Kendall, Kendall disbursed the remainder of the client's funds in accordance with the demand of the client's guardian. Although he requests a one-year suspension for his violations, Kendall agrees to up to a three-year suspension, with comprehensive continuing legal education and monitoring.

We agree with the special master that the aggravating factors in this case consist of the fact that the client appears to have been of advanced age and near incompetence at the time she retained Kendall, and thus was vulnerable to a lawyer's misconduct; and the fact that Kendall's failure to properly account for and manage his client's funds extended over more than three years. In mitigation, we agree with the special master that the factors to consider are that Kendall has restored the client's money to her or to her guardian, and that he has cooperated with the disciplinary authorities and agreed to take steps to prevent future violations.[1]

---

[1] Although not raised by Kendall, the special master suggested in mitigation the fact that Kendall's client directed him not to disburse funds to her daughters, so that Kendall was in a dilemma when one of the daughters, then the client's duly appointed guardian, demanded an accounting. However, we agree with the special master that Kendall could have taken appropriate action to avoid this dilemma without violating professional standards.

We agree with the State Bar and the special master that in light of the seriousness of Kendall's violations, and the aggravating and mitigating factors, a three-year suspension is appropriate. See Standard 4.12, ABA Standards for Imposing Lawyer Sanctions (1991) suggesting that suspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to the client. Compare *In the Matter of Hodges*, 268 Ga. 114 (485 SE2d 791) (1997) (two-year suspension imposed where lawyer mishandled client funds held by him as escrow agent, and subsequently returned those funds with interest and reimbursement for attorney fees incurred by the client in connection with lawyer's failure to deliver funds promptly).

Accordingly, Kendall is hereby suspended from the practice of law in the State of Georgia for three years from the date of this opinion, with the following conditions, to which he agrees: (1) that Kendall provide certification to the State Bar that he has completed eight hours of Continuing Legal Education in the area of lawyer trust accounts, and that his suspension continue until he provides that certification; (2) that on reinstatement Kendall be required for two years to provide semiannually to the State Bar: (a) his affidavit fully identifying each lawyer trust account he maintains; and (b) certification by a certified public accountant that all Kendall's lawyer trust accounts have been audited and maintained in accordance with Standards 61, 63, 65, 65.1, and 65.2 of Bar Rule 4-102 (d); and (3) that within six months of reinstatement Kendall shall at his expense complete an evaluation and assessment of his practice management procedures to be conducted by an independent consultant approved by the State Bar's Law Practice Management Program. We remind Kendall of his duties and responsibilities under Bar Rule 4-219 (c).

*Three-year suspension with conditions. All the Justices concur.*

DECIDED JANUARY 12, 1998 —
RECONSIDERATION DENIED JANUARY 29, 1998.

*William P. Smith III, General Counsel State Bar, Elizabeth W. Morn, Assistant General Counsel State Bar,* for State Bar of Georgia. *Lawson & Thornton, George O. Lawson, Jr.,* for Kendall.