### S00Y0964, S00Y0965. IN THE MATTER OF ADAM EDWIN ARONIN (two cases).
#### (529 SE2d 373)

PER CURIAM.

These disciplinary matters are before the Court on Respondent Adam Edwin Aronin's Petition for Voluntary Discipline filed pursuant to Bar Rule 4-227 (c) after the issuance of Formal Complaints against Aronin, in which Aronin admits violating Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation) and 25 (lawyer shall not practice law in a jurisdiction where to do so would be a violation of regulations of the profession in that jurisdiction) of Bar Rule 4-102 (d). After various motions and orders were filed in State Disciplinary Board Docket Nos. 3834 and 3835, Aronin filed his petition seeking to dispose of both cases, as violations of the same standards are alleged in each case. In the petition, Aronin requests an 18-month suspension from the practice of law, commencing on the date of this order. The State Bar has no objection to and the special master recommends acceptance of the petition.

In his petition for voluntary discipline, Aronin admits that on January 16, 1998, this Court suspended his license to practice for failure to comply with rules concerning mandatory legal education for the year 1996. Aronin admits he also failed to pay his annual license fees for 1997-1998 and, thus, was not a member in good standing of the State Bar. See Bar Rules 1-203, 1-204 (d) and 1-501 (a). He was notified on February 24, 1998 to cease practicing law until this Court rescinded his suspension but, despite such notice, Aronin filed answers on behalf of the defendants in a case in Fulton County Superior Court on March 4, 1998, which answers he dated February 23, 1998 and signed as counsel for defendants, as he also did with respect to the certificates of service. Additionally, Aronin admits he also filed on that date defendants' response to plaintiffs' motion for default and motion to open default in a related federal case in the United States District Court for the Northern District of Georgia. In both cases, Aronin admits he failed to notify the courts that he was suspended from practice. Aronin admits, and the special master concluded, that Aronin's conduct violated Standards 4 and 25. Although he acknowledges that a violation of Standard 4 subjects him to possible disbarment, Aronin states in mitigation that he has not been the subject of prior discipline, that he is relatively inexperi-

enced in the practice of law (having been admitted in 1992), that his only motivation was to assist a client who could not otherwise afford an attorney, and that he was acting without remuneration or any expectation of remuneration.

We have reviewed the record and agree with the State Bar and the special master that Aronin's petition should be accepted in resolution of both matters pending against him. Accordingly, Aronin is suspended from the practice of law in the State of Georgia for a period of 18 months, commencing on the date of this order. He is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension, commencing on the date of this order. All the Justices concur.*

DECIDED MAY 1, 2000.

*Perales, Fernandez & Rosner, Ralph Perales*, for Aronin.
*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.