S00Y1334. IN THE MATTER OF ERIC VANN ROSS.
(531 SE2d 356)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Eric Vann Ross' Petition for Voluntary Discipline in which he requests a six to twelve-month suspension with conditions for his admitted violation of Standard 65 (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity) of Bar Rule 4-102 (d). The State Bar recommends acceptance of Ross' petition if the suspension imposed is for 12 months.

In his petition, Ross, who has been a State Bar of Georgia member since 1994, admits that he was retained by an heir of an estate; assisted the client in matters related to the estate including filing an application for letters of administration for the client in August 1996; and, in May 1997, received $169,609.60 on behalf of the heirs of the estate. Although Ross placed the funds in his escrow account and

subsequently disbursed $120,710 to the heirs during the months of May, June, and July 1997, he commingled the remaining estate funds with his own funds in order to cover office expenses. In August 1998, his client retained another lawyer, who sent three letters between August 1998 and March 1999 asking Ross to deliver the documents and remaining funds from the estate. Ross did not respond until May 1999 at which time he delivered a check in the amount of $40,000 to the client's new attorney.

We have reviewed the record and agree with the State Bar of Georgia that a 12-month suspension with conditions is an appropriate sanction in this matter. Accordingly, we hereby accept Ross' Petition for Voluntary Discipline. In mitigation, we note that Ross has been cooperative in the disciplinary proceedings, is inexperienced in the practice of law, and is remorseful. We also note that although a violation of Standard 65 (A) is punishable by disbarment, suspensions have been ordered by this Court in similar matters. See *In the Matter of Weems*, 270 Ga. 145 (507 SE2d 736) (1998) (18-month suspension); *In the Matter of Hodges III*, 268 Ga. 114 (485 SE2d 791) (1997) (two-year suspension); *In the Matter of Chapman*, 268 Ga. 608 (492 SE2d 235) (1997) (12-month suspension); and *In the Matter of Taylor*, 268 Ga. 754 (483 SE2d 708) (1997) (two-year suspension).

Accordingly, Ross hereby is suspended from the practice of law in Georgia for a period of 12 months from the date of this opinion. In addition, within six months of his reinstatement, Ross is required to initiate contact with the State Bar of Georgia's Law Practice Management program, submit to full assessment by that entity, complete all requirements of the assessment, and waive confidentiality so that certification of Ross' compliance with the assessment may be provided to the Office of General Counsel; participate in ethics school; and make restitution for the money he owes the estate.

Ross is reminded of his duties under Bar Rule 4-219 (c).

*Twelve-month suspension with conditions. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

DECIDED MAY 30, 2000.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General State Bar*, for State Bar of Georgia.
*Colette R. Steel*, for Ross.