S01Y1397. IN THE MATTER OF MELVIN LEON DANSBY.
(553 SE2d 157)

PER CURIAM.

Based on admissions made by Melvin Leon Dansby in a fee arbitration proceeding, the Investigative Panel of the State Disciplinary Board of the State Bar of Georgia determined that probable cause existed to charge Dansby with violations of several Standards of Conduct and ordered the State Bar to prepare a Formal Complaint. After Dansby answered and discovery was complete, the State Bar moved for partial summary judgment regarding violations of Standards 65 (A) and 65 (D) of Bar Rule 4-102 (d). Although Dansby filed a response to the motion, the response was untimely and thus not considered by the special master, who entered an order granting the State Bar's motion and finding that Dansby violated Standards 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity) and 65 (D) (every lawyer who practices law in Georgia and who receives money or property on behalf of a client or in any other fiduciary capacity, shall maintain or have available a trust account; all funds held by a lawyer for a client and all funds held in any other fiduciary capacity shall be deposited in and administered from such account) of Bar Rule 4-102 (d) and recommended that Dansby be disbarred. As neither Dansby nor the State Bar filed a request for review by the Review Panel within 30 days of the filing of the special master's report pursuant to Bar Rule 4-217 (c), both parties are deemed to have waived any right they may have under the rules to

file exceptions with or make request for oral argument to this Court.

In February 2000, in a fee arbitration dispute filed by a client, Dansby admitted that he settled a claim for the client; that he did not deposit the proceeds from the settlement into an attorney trust account because he had previously closed the account; that he did not segregate the settlement proceeds from his personal funds; and that on one or more occasions, he paid the client a portion of the settlement proceeds with checks drawn on his law office's general operating account. We agree with the special master that Dansby, by his actions, violated Standards 65 (A) and 65 (D) of Bar Rule 4-102 (d). We do not agree, however, that disbarment is warranted.

The special master noted, in aggravation of discipline, Dansby's substantial experience in the practice of law, having been admitted to the bar in 1992; that he received a Formal Admonition for a violation of Standard 44 in State Disciplinary Board Docket No. 3973; and that he has refused to acknowledge the wrongful nature of his conduct. Viewing the record as a whole, we do not agree with the accuracy of all those factors, and do not find them sufficient to warrant so grave a sanction as disbarment.

As to Dansby's experience in the practice of law, we note that the hearing at which he admitted his wrongdoing occurred in early 2000, so the actions leading to that hearing occurred earlier, some time in 1999 at the earliest. Thus, Dansby had been in practice for no more than seven years when he represented the client involved in this matter. In the recent case of *In re Aronin*, 272 Ga. 368 (529 SE2d 373) (2000), we noted in mitigation that an attorney who was admitted the same year as Dansby was "relatively inexperienced in the practice of law." What served to mitigate Aronin's conduct cannot serve to aggravate Dansby's.

Further consideration of the entire record, including Dansby's tardy response to the State Bar's motion for summary judgment, shows that Dansby has acknowledged that his conduct violated the pertinent standards. Both of the violations found by the special master have at their root Dansby's failure to maintain a trust account. Dansby admits a faulty understanding of trust account requirements, averring that he was unaware that an attorney whose practice did not involve receiving and holding funds for clients was required to maintain such an account. He explains that his customary practice, from which the case involved here was a significant departure, involves flat fees for specified services, and that he closed his trust account because he was not using it and it was costing him money. It appears, therefore, that the root cause of Dansby's misconduct here was not avarice or an intent to cheat a client, but poor judgment and a lack of understanding of proper law practice management requirements.

Although disbarment is a permissible sanction for the violations of Standard 65 which Dansby has admitted, that sanction "is generally appropriate when a lawyer engages in any serious criminal misconduct . . . or engages in any other intentional conduct involving dishonesty, fraud, or deceit." *In the Matter of Freeman*, 269 Ga. 906 (506 SE2d 872) (1998). By contrast, we have imposed suspensions in other cases where misconduct was not intentional and clients were ultimately not harmed, as appears to be the case in this matter. See, e.g., *In the Matter of Ross*, 272 Ga. 448 (531 SE2d 356) (2000) (12-month suspension); *In the Matter of Weems*, 270 Ga. 145 (507 SE2d 736) (1998) (18-month suspension); *In the Matter of Hodges*, 268 Ga. 114 (485 SE2d 791) (1997) (two-year suspension); *In the Matter of Chapman*, 268 Ga. 608 (492 SE2d 235) (1997) (12-month suspension); and *In the Matter of Taylor*, 268 Ga. 754 (493 SE2d 708) (1997) (two-year suspension).

Accordingly, for his violation of Standards 65 (A) and 65 (D) of Bar Rule 4-102 (d), Dansby is suspended from the practice of law in Georgia for a period of three years from the date of this opinion. In addition, within six months of his reinstatement, Dansby is required to initiate contact with the State Bar of Georgia's Law Practice Management program, submit to full assessment by that entity, complete all requirements of the assessment, and waive confidentiality so that certification of Dansby's compliance with the assessment may be provided to the Office of General Counsel; and participate in ethics school. He is reminded of his duties under Bar Rule 4-219 (c).

*Three-year suspension with conditions. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

Because I am of the opinion that the severity of the disciplinary violations, coupled with the factors in aggravation of punishment, warrant disbarment, I dissent.

I am authorized to state that Justice Hunstein joins this dissent.

DECIDED OCTOBER 1, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.