S10Y1960. IN THE MATTER OF JOSEPH A. MACCIONE.
(710 SE2d 745)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of special master James E. Patterson who recommends that this Court accept the petition for voluntary discipline which was filed by Respondent Joseph A. Maccione (State Bar No. 462925) after the Bar filed a Formal Complaint. In his petition, Maccione requests the imposition of a Review Panel reprimand with conditions for his admitted violations of Rules 5.3 and 8.4 (a) (4) of the Rules of Professional Conduct, see Bar Rule 4-102 (d). Although

the maximum sanction for a single violation of either rule is disbarment, the State Bar has indicated that it has no objection to the requested discipline.

In his petition Maccione, who was admitted to the Bar in 1976, admits that he is a solo practitioner who for several years regularly used the services of an employee/contractor as an investigator and paralegal. Maccione was aware that the employee/contractor had no license as an investigator, no education in paralegal studies, and an extensive criminal history. Maccione nevertheless allowed the employee/contractor to use business cards and letterhead that indicated he was an investigator and paralegal associated with Maccione's firm. Maccione also allowed the employee/contractor to prepare correspondence to clients and others, to communicate with clients, to collect retainer funds for Maccione's firm, and to generally represent to the public that he was working on cases with Maccione.

In early June 2005, Maccione agreed to represent a client on a drug charge and in a civil action the client wished to file regarding the death of his dog. After accompanying the client to a meeting with a county official about the civil matter, Maccione referred the client to the employee/contractor so that he could prepare the civil complaint which Maccione then had filed as a pro se complaint. Maccione did not clearly inform the client that he would not be handling the civil matter himself; he did not monitor the employee/contractor's activities regarding preparation of the complaint; and he did not take any action to assist the client with his civil suit. In mid-June 2005, the client was arrested and charged with murder. Maccione and the employee/contractor met with the client and advised him that Maccione and another attorney would defend the client for a flat fee of $30,000, which included attorney fees for Maccione and the other attorney. The employee/contractor then prepared a document titled "Affidavit" to be signed by the client. The affidavit authorized Maccione's law firm, generally, and the employee/contractor, specifically, to take all of the client's personal property from his home, to be applied to the cost of his defense. Maccione signed the document as a notary notwithstanding the fact that the document had been left undated and that the signature line for the witness was blank. Maccione admits that he cannot say with any certainty that he observed the client executing this affidavit.

In late June 2005, while the client was confined in a mental hospital following a suicide attempt, the employee/contractor entered the client's home and took numerous items of personal property, purportedly pursuant to the above described affidavit (and apparently as payment for the employee/contractor's services). Maccione had not discussed with the client any fee for the employee/contractor's work on his case, nor did he provide the client with any billing statements

or accounting for the employee/contractor's services. The value of the property taken by the employee/ contractor was not credited toward the client's quoted legal fees. The client subsequently discharged Maccione and during the course of these disciplinary proceedings, Maccione severed his relationship with the employee/contractor. As a result, Maccione no longer uses the employee/contractor's services in any capacity and asserts that he will not use those services in the future.

Based on these admitted facts and having reviewed the record as a whole, we agree with the special master that Maccione violated Rules 5.3 and 8.4 (a) (4) of Bar Rule 4-102 (d). However, we disagree with the special master that a Review Panel reprimand is the appropriate punishment under the circumstances presented here. In light of the serious nature of the facts presented in this case, and in light of Maccione's prior disciplinary history (he received an Investigative Panel reprimand in 1989), we conclude that a Review Panel reprimand is not the appropriate level of punishment to impose on Maccione for his actions. Although Maccione has ended his relationship with the employee/contractor, who the Bar believes to be the "primary wrong-doer in this matter," that does not change the fact that Maccione supervised or otherwise acquiesced in the wrongful conduct of this employee/contractor to the detriment of his client.

Accordingly, we reject Maccione's petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED MARCH 25, 2011.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.