## S11Y0070. IN THE MATTER OF KELLY LYNN TURNER.

(713 SE2d 867)

PER CURIAM.

This disciplinary matter is before the Court on the Voluntary Petition for Discipline filed by Respondent Kelly Lynn Turner (State Bar No. 231398) prior to the issuance of a Formal Complaint against her. See Rule 4-227 (b) (2) of the Georgia Rules of Professional Conduct. In her petition, Turner admits she violated Rules 1.5,[1] 1.15 (I) (a) and (b),[2] 1.15 (II) (a) and (b),[3] and 8.4 (a) (4)[4] of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum punishment for violating Rule 1.5 is a public reprimand, and the maximum punishment for violating the other rules is disbarment. Turner asks the Court to accept her petition and impose either a Review Panel reprimand or a suspension of her license to practice law in Georgia for no longer than three months. The State Bar filed a response recommending that the Court accept Turner's petition.

Turner admits in her petition that she represented a client in divorce and domestic-relations matters over a period from 2001 to 2006 at the rate of $225 per hour. During the 2006 divorce trial a detailed statement of charges at the $225 rate was admitted as evidence through the client's testimony. Before the final decree was signed, Turner met with the client and discussed fees owed. During the discussion, the client asked Turner to accept a pool table in lieu of some of the fees but Turner declined because she had agreed to reduce her rate to $190 per hour. Turner provided the client with a corrected statement of charges at the new hourly rate of $190 per hour and a copy of the check made payable to Turner and paid from Turner's IOLTA account for the balance of fees owed. In 2008, the

---

[1] Rule 1.5 governs fees charged by a lawyer and requires that the fee be reasonable.

[2] Rule 1.15 (I) (a) requires an attorney to keep client funds in a separate account and to identify and safeguard a client's property. Rule 1.15 (I) (b) requires a lawyer to notify a client promptly upon receipt of any fund or property in which the client has an interest and to deliver promptly to the client that property to which the client is entitled.

[3] Rule 1.15 (II) (a) requires an attorney who receives money or property on behalf of a client to maintain a trust account and deposit therein funds held for a client. Rule 1.15 (II) (b) prohibits an attorney from depositing personal funds in the trust account and prohibits an attorney from withdrawing funds from the trust account for the attorney's personal use (other than earned attorney fees).

[4] Under Rule 8.4 (a) (4), professional conduct involving dishonesty, fraud, deceit, or misrepresentation is a violation of the Rules of Professional Conduct.

client filed a grievance with the State Bar in which she claimed she was not given credit for all payments made to Turner, and that Turner had agreed to accept a pool table and reduce her fees to $125 per hour. After the State Bar issued a Notice of Investigation in July 2008, Turner met with the State Bar and subsequently remitted the amount of reimbursement from money held in her IOLTA account, giving the client credit for two payments that Turner previously had not credited and reducing the hourly rate to $190 per hour, which check the client cashed in full settlement of claims. In a supplemental response to the Notice of Investigation, Turner admitted that when she had retrieved the client's files from storage in late 2006/early 2007 and discovered that the contract for legal services at $225 per hour was missing, she became furious because she knew the client had taken it while retrieving personal documents from the file after the divorce action. In the supplemental response, Turner admitted that, in her fury and in an exercise of poor judgment, she created a contract for legal services and sent that to the client with a letter explaining the final bill in hopes of ending the dispute. Turner admits that she violated Rule 1.5 when she failed to obtain a written authorization from her client to reduce her fee to $190 per hour; violated Rule 1.15 (I) by failing to keep a detailed accounting of the funds paid to her firm; violated Rule 1.15 (II) when, without her client's written authorization, she removed funds from her IOLTA account and lowered her hourly rate; and violated Rule 8.4 (a) (4) when she created a contract for legal services.

In mitigation of discipline, Turner states she is truly remorseful and ashamed of her conduct; she has never been a party to any other disciplinary proceedings; she has fully cooperated with the State Bar in good faith; the client has accepted complete reimbursement and been given full credit for payments not previously credited; and she is very sorry for any unwarranted grief she has caused the client and her family. Attached to Turner's petition are numerous letters from colleagues in the legal profession attesting to her good character and legal abilities.

We have reviewed the record and conclude that a Review Panel reprimand is the appropriate sanction in this matter. See *In the Matter of Conti*, S05Y1170 (Review Panel reprimand where lawyer admitted making false statements and forging client's name on settlement documents); *In the Matter of Mitchell*, S00Y0811 (Review Panel reprimand where lawyer admitted wilfully misrepresenting his status as a member of the State Bar of Georgia to parties and the court in a divorce action). Therefore, we accept Turner's petition for voluntary discipline and order that Turner receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220.

*Petition for Voluntary Discipline accepted. Review Panel reprimand. All the Justices concur.*

DECIDED JULY 11, 2011.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.