In the Supreme Court of Georgia

Decided: October 5, 2015

S15Z1802. IN THE MATTER OF ALVIN LAMONT KENDALL.

PER CURIAM.

This matter is before the Court on the application for certification of fitness/reinstatement filed by Alvin Lamont Kendall in accordance with Part A, Section 10 (Readmission and Reinstatement) of the Rules Governing Admission to the Practice of Law in Georgia. Kendall, who was originally admitted to the Bar in 1985, has several disciplinary matters in his record. First, he received a letter of admonition from the Investigative Panel of the State Disciplinary Board in 1992 for wilfully disregarding a legal matter entrusted to him. Then, in January 1998, this Court accepted Kendall's petition for voluntary discipline and suspended him for three years, with conditions on reinstatement, for failing to maintain properly funds held in trust for an elderly client and for failing after several demands to render accounts of those funds to the client's guardian. See In the Matter of Kendall, 269 Ga. 28 (493 SE2d 919) (1998). Before that suspension expired, however, Kendall was convicted in federal court on charges

of conspiring to give a client, who was a member of a drug distribution organization, advance notice of upcoming federal law enforcement searches and seizures, and of conspiring to distribute cocaine (by virtue of tipping off his client about the upcoming searches). He was acquitted of actually tipping off his client. Nevertheless, Kendall was sentenced to serve 60 months in prison, followed by three years on probation. This Court suspended Kendall pending his appeal of those convictions, see In the Matter of Kendall, 271 Ga. 166, 167 (517 SE2d 323) (1999), and later disbarred him when his appeals proved unsuccessful, see In the Matter of Kendall, 277 Ga. 32 (585 SE2d 882) (2003). Kendall successfully completed his sentence, paid his fines, and, in March 2012 had his civil rights restored.

In December 2014 Kendall filed with the Office of Bar Admissions an Application for Certification of Fitness to Practice Law, which serves as an application for readmission. In connection therewith, he filed a statement of rehabilitation in accordance with In re Cason, 249 Ga. 806 (294 SE2d 520) (1982). In it he accepted responsibility for his convictions and detailed his desire to move beyond that period in his life with the support of his wife of 22 years and his two children. He indicated that his experience has taught him a

2

valuable lesson and created a resolve in him to never put himself, his family or his community through such an ordeal again. Kendall stated that he has spent the time since his release from prison atoning for his actions through service to his family and community. He stated that he has offered accounting and consulting services on an independent basis and has performed legal research and writing for various attorneys in a paralegal capacity. Kendall outlined his efforts at rehabilitation in the community through his documented involvement in numerous community, educational, civic, and non-profit organizations that assist minorities, children and the elderly, including, but not limited to, a non-profit organization that his wife and he started to increase awareness of the issues associated with, and to assist in the prevention of, childhood obesity, see R. 102-03. Kendall admitted that he has been involved in some litigation matters since his disbarment, but stated that none of those suits involved his former clients, and that, instead, they arose out of personal situations. At the informal conference with the Fitness Board, Kendall explained that while his record may look troubling on its face, most of his issues stemmed from immaturity and he noted that his actions never deprived a client of any money or property. He contends that he has learned from his mistakes and is ready to

be a contributing member of the Bar.

The record contains twenty-nine letters of personal reference, including multiple letters from the legal community, friends, family members, members of the non-profit community, former employees, and prior clients. Among those providing letters of recommendation were federal and state court judges, a former United States Attorney for the Northern District of Georgia, and the Chief of Police for the Clayton County Public Schools. The authors of the letters attest generally to Kendall's high moral character, his generosity (with time and money), his compassion, his commitment to the community, and his professionalism and diligence in reestablishing the requisite character and fitness for a member of the State Bar of Georgia. They all support his readmission and many suggest that they would hire him or work with him if he is reinstated.

Pursuant to Part A, Section 10 (d) (1) - (4) of the Rules, the Fitness Board provided notice and opportunity for the State Bar to present relevant information, provided notice to the Bar membership and the Chief Judge where Kendall had practiced, provided newspaper notice to the public in the area where Kendall had practiced, sought confirmation from the Client Security Fund

of the State Bar of Georgia that no restitution was due, and followed all other procedures for fitness certification designated by Part A of the Rules. The Board received no response from its published notice or from the letters sent to the President of the Atlanta Bar Association or the Chief Judge of the Fulton County Superior Court. The Client Security Fund confirmed that no restitution was owing as it had paid no claims filed against Kendall. The Bar reported that at the time Kendall was disbarred, there was one pending disciplinary matter and one other grievance that had been filed, both of which were rendered moot upon his disbarment. The Bar stated that it does not intend to reactivate the disciplinary matter in the event of Kendall's readmission and that the client who had filed the grievance had advised the Bar that she had resolved her issue with Kendall and wished to withdraw her grievance.[1] The Fitness Board took up Kendall's application in April 2015 and, after a conference with him, decided that he should be certified for readmission. The Board filed its report along with the record of the proceedings so that the Court could make the final determination regarding Kendall's certification of fitness as required by Part A,

---

[1]Notably, that client submitted a letter of recommendation on Kendall's behalf.

Section 10 (e) of the Rules Governing Admission to the Practice of Law in Georgia.

The record exhibits that Kendall has accepted responsibility for his actions, has committed himself to making amends therefore, and has volunteered extensively in his community. We are convinced of his candor, credibility, and rehabilitation, and conclude that Kendall has demonstrated by clear and convincing evidence that he is entitled to be certified as fit to practice law in Georgia. Kendall has met all of the procedural requirements of Part A, Section 10 for approval of his application for certification of fitness. Accordingly, this Court hereby grants Kendall's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Kendall may be reinstated as an attorney licensed to practice law in the State of Georgia.

Certification of fitness for readmission granted. All the Justices concur, except Nahmias, J., not participating.

6