300 Ga. 654
FINAL COPY

S17Y0814.  IN THE MATTER OF GARY LANIER COULTER.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed, prior to the filing of a formal complaint, by Respondent Gary Lanier Coulter (State Bar No. 190100), pursuant to Bar Rule 4-227 (b) (2), in which he acknowledges that he violated Rule 1.5 (a) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  The maximum sanction for a violation of Rule 1.5 is a public reprimand.  In his petition, Coulter, who has been a member of the Bar since 1971, unconditionally admits that, in the matter underlying this petition, he represented a client between 2011 and 2013 in a complex probate matter, for which he was paid approximately $187,000.  In March 2013, the client terminated Coulter's representation and engaged new counsel, through whom the client then disputed the reasonableness of Coulter's fee.  Following discussion of the matter, Coulter agreed to repay $30,000 of his fees, to be repaid in 60 $500 monthly installments.  From 2013 to 2015, Coulter repaid $9,500, but, despite his desire to continue repayment, the decline of his

law practice has left him unable to do so.

For his conduct in this matter, Coulter seeks as a sanction the imposition of a Review Panel reprimand, although he states that he will accept a public reprimand. In mitigation of discipline, Coulter states that he has no prior disciplinary history;[1] that he did not intend to charge his client an unreasonable fee, although he acknowledges that he did so; that he has been a Martindale Hubbard AV-rated lawyer for over 34 years and has a reputation for ethical conduct and good character; that he responded in good faith to the client's fee dispute and engaged in a good faith effort to repay the unreasonable fee; that he is deeply remorseful and intends to fully honor his repayment obligation when he is once again able to do so; and that he had made a full and free disclosure in response to the client's grievance. Coulter also notes that the decline of his legal practice, to which he does not intend to return, has caused him considerable financial and emotional stress, as has his now-proceeding divorce. In the Bar's response to the petition, it reiterates Coulter's recitation of the underlying grievance and, in aggravation of discipline, notes only Coulter's substantial

---

[1] Coulter acknowledges that currently pending before a Special Master is another petition for voluntary discipline that he submitted as to another matter.

experience in the practice of law. The Bar's response agrees with Coulter that a reprimand is the appropriate sanction in this matter, but fails to specify whether it believes that reprimand should be public or before the Review Panel. Nonetheless, having reviewed the record as a whole, we conclude that imposition of a Review Panel reprimand is the appropriate sanction in this matter. See In the Matter of Turner, 289 Ga. 563 (713 SE2d 867) (2011). Accordingly, this Court accepts Coulter's petition for voluntary discipline.

Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.

Decided February 27, 2017.

Review Panel reprimand.

Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.