## S17Y1431. IN THE MATTER OF GARY LANIER COULTER.

(804 SE2d 345)

PER CURIAM.

In late 2011 and early 2012, three different grievances were filed against attorney Gary Lanier Coulter (State Bar No. 190100) with the State Bar of Georgia. Although the record reflects the grievances were supported with affidavits and documentation, it is not apparent from the record why there was a delay until February 24, 2014, before the State Bar filed a formal complaint. The complaint, as amended, charges Coulter with violations of various Rules of the Georgia Rules of Professional Conduct arising out of his representation and professional relationship with one of his long-time clients. This client was and is an artist representative, and he represented a renowned artist, now deceased, whose work possesses considerable value.

Although Coulter's work for the complaining client began as representation on personal tax matters and a landlord-tenant dispute, it expanded over the years to include a number of matters including personal and business issues. In 2010, Coulter assumed more responsibility over the client's affairs, becoming involved in the receipt, depositing, transfer, and disbursement of the client's funds collected in the course of the client's businesses. It appears that the client knew of some of the accounts Coulter had opened on behalf of the client but did not know of others, and in some of the accounts Coulter was the sole authorized signer. Coulter concedes these accounts were not approved lawyer-trust accounts and that they held only funds related to the client and his businesses, yet Coulter transferred funds from or through the client's accounts to his operating account

as payment of attorney fees. It also appears that in just the final ten months of Coulter's representation of this client, he administered more than $1 million through the client's accounts. In those final months, Coulter paid himself $400,000 in fees from the client's bank accounts. Apparently, these are the only months of financial records made available to the special master who was appointed to conduct proceedings in this case. Coulter did not provide any billing invoices to the client after 2008, but two of the complainants are lawyers who were formerly associates in Coulter's law firm, and they printed a set of invoices from the firm's billing system in 2011 and provided them to the client. The invoices contained substantial discrepancies that Coulter could not explain. Coulter concedes he did not keep and maintain complete and accurate records of this client's funds and did not promptly notify the client of Coulter's receipt of funds in which the client possessed an interest.

In 2008, Coulter obtained from the client over 100 pieces of art created by the above-mentioned artist with an estimated value at the time the complaint was filed of over $850,000. They were taken as security for the substantial sums Coulter claims were owed to him for professional services. Coulter claims the client signed a written security agreement permitting him to hold the art as security for amounts owed, but the client disputes this, and Coulter was unable to locate the signed agreement. Coulter admits that, before taking possession of the art pieces, he did not advise the client about the material risks this arrangement could pose to Coulter's ongoing representation of him and his businesses, and did not advise the client to seek the advice of independent counsel. Coulter kept the art in a box in an unsecure location in his personal office at his law firm. Although someone in Coulter's office apparently returned the art to the client when the client terminated his relationship with Coulter, it does not appear that the client has been made whole since significant funds were taken from his accounts without adequate documentation of fees and expenses or Coulter's entitlement to them.

In 2014, at the Bar's request, this Court appointed a special master to conduct further proceedings in this case. After over a year of discovery, in December 2015, Coulter filed a petition for voluntary discipline in which he admitted violation of the following rules as they existed at the time of the conduct: Rule 1.15 (I) (relating to holding the property of clients and third parties separately from the lawyer's own property); Rule 1.15 (II) (relating to maintaining a trust account for a client's money or property); Rule 1.7 (relating to conflicts of interest between the lawyer and client); Rule 1.8 (relating to entering into a business transaction with a client); and Rule 1.5 (a) (relating to the

reasonableness of attorney fees). Coulter requested a public reprimand with conditions, but stated he was willing to accept a suspension of up to two years. The State Bar answered that it supports the voluntary petition and would accept discipline "at the upper range" that Coulter was willing to accept.

The special master's report recited that she lacked authority to impose discipline in excess of what the petitioner has stated in his petition that he will accept, and, after reciting certain findings, some but not all of which are referenced in this opinion, recommended a two-year suspension.[1] The maximum penalty of disbarment may be imposed for violation of each of Rules 1.15 (I), 1.15 (II), and 1.7, and Coulter admits violating these Rules. He also admits violation of other Rules that carry lesser maximum penalties. Despite Coulter's denial, the record supports the conclusion that a dishonest motive and other aggravating circumstances are present in this case.

Coulter has been a member of the Bar since 1971, and has been the subject of two prior instances of professional discipline: first, the special master notes a formal letter of admonition issued in 2003 (which was confidential and does not appear in the record), and second, a Review Panel reprimand approved by this Court earlier this year. See *In the Matter of Coulter*, 300 Ga. 654 (797 SE2d 492) (2017) (for admittedly overcharging a client for services and agreeing to make periodic payments to reimburse the client which he had not honored).[2] Given the nature of these violations, and Coulter's previous discipline, substantial discipline is necessary to serve not only as a penalty to Coulter but also as a deterrent to others and an indication to the public that this Court will maintain the ethics of the legal profession. See *In the Matter of Hunt*, 301 Ga. 661 (802 SE2d 243) (2017) (rejecting the petition for voluntary discipline seeking a suspension of between six and twelve months for admitted violation of Rule 1.15 (II) (b) by a senior member of the Bar for improper withdrawals of funds from his trust account where the lawyer had a lengthy disciplinary history, despite the Bar's lack of objection to the petition); *In the Matter of Harris*, 301 Ga. 378 (801 SE2d 39) (2017) (accepting recommendation of special master of disbarment where lawyer who had no prior disciplinary history misappropriated trust funds and commingled those funds with his own).

---

[1] Rule 4-227 (c) (2) of the Georgia Rules of Professional Conduct states that the special master may either accept or reject a petition for voluntary discipline.

[2] We note that in this earlier disciplinary matter, Coulter stated in his petition for voluntary discipline, dated December 19, 2016, that due to the decline in his law practice and other personal circumstances, he did not expect to return to the practice of law.

Given the serious nature of the admitted rule violations in this case, and the record facts, we reject the recommendation of the special master to impose a voluntary two-year suspension. See *In the Matter of Maccione*, 289 Ga. 17 (710 SE2d 745) (2011) (rejecting the special master's recommendation to accept the respondent's petition for voluntary discipline of Review Panel reprimand in light of the serious nature of the admitted rule violations even where, as here, the State Bar indicated it had no objection to the requested discipline). Given the fact that over five years have passed since the written grievances were filed, we direct the State Bar to proceed in this matter expeditiously.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED AUGUST 28, 2017.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.