304 Ga. 81
FINAL COPY

S18Y0993.   IN THE MATTER OF GARY LANIER COULTER.

PER CURIAM.

This is the second appearance of this disciplinary matter before this Court, as this Court previously rejected the special master's first report, which recommended accepting the petition for voluntary discipline filed by Respondent Gary Lanier Coulter (State Bar No. 190100).   See In the Matter of Coulter, 301 Ga. 895 (804 SE2d 345) (2017).   Coulter sought by his earlier petition to receive a two-year suspension for his admitted violations of Rules 1.5, 1.7, 1.8 (a), 1.15 (I), and 1.15 (II) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), based on his conduct in connection with his representation, beginning in 2003, of a client and the various organizations his client created related to his professional endeavors as an art promoter (collectively, "the client").   This Court determined that a voluntary two-year suspension was insufficient given that Coulter, who has been a member of the Bar since 1971, was subject to two prior instances of professional discipline,

the serious nature of the admitted rule violations, and the record facts in this case. See Coulter, 301 Ga. at 897.

This matter is now before the Court on the report and recommendation of Special Master Sandra S. Cho, who recommends that Coulter receive a four-year suspension with no conditions for reinstatement for his admitted violations of Rules 1.5, 1.7, 1.8 (a), 1.15 (I), and 1.15 (II). The maximum sanction for a violation of Rules 1.5 and 1.8 (a) is a public reprimand, while the maximum sanction for a violation of Rules 1.7, 1.15 (I), and 1.15 (II) (a) and (b) is disbarment. The allegations regarding Coulter's conduct remain the same:

> Although Coulter's work for the complaining client began as representation on personal tax matters and a landlord-tenant dispute, it expanded over the years to include a number of matters including personal and business issues. In 2010, Coulter assumed more responsibility over the client's affairs, becoming involved in the receipt, depositing, transfer, and disbursement of the client's funds collected in the course of the client's businesses [and in doing so opened up a number of bank accounts on behalf of the client]. It appears that the client knew of some of the accounts Coulter had opened on behalf of the client but did not know of others, and in some of the accounts Coulter was the sole authorized signer. Coulter concedes these accounts were not approved lawyer-trust accounts and that they held only funds related to the client and his businesses, yet Coulter transferred funds from or through the client's accounts to his operating account as payment of attorney fees. It also appears that in just the final ten months of

Coulter's representation of this client, he administered more than $1 million through the client's accounts. In those final months, Coulter paid himself $400,000 in fees from the client's bank accounts. . . . Coulter did not provide any billing invoices to the client after 2008, but two of the complainants are lawyers who were formerly associates in Coulter's law firm, and they printed a set of invoices from the firm's billing system in 2011 and provided them to the client. The invoices contained substantial discrepancies that Coulter could not explain. Coulter concedes he did not keep and maintain complete and accurate records of this client's funds and did not promptly notify the client of Coulter's receipt of funds in which the client possessed an interest.

Coulter, 301 Ga. at 895-896.[1]

In determining the appropriate level of discipline, the special master notes that this Court views trust account violations as exceptionally serious, see In the Matter of Howard, 292 Ga. 413, 414 (738 SE2d 89) (2013), and finds that in violation of Rules 1.15 (I) and 1.15 (II), Coulter: administered very large sums of client-money for years, over $1 million in 2011 alone, using 12 different bank accounts, none of which were trust accounts; failed to keep complete records of the funds; failed to keep and maintain records reflecting at all times the exact balance held for each client and third person; failed

---

[1] In addition, Coulter obtained from the client over 100 pieces of art, with an estimated value of over $850,000, as security for the substantial sums (often as much as $200,000 to $300,000) that Coulter claimed the client owed to him for professional services, and kept the art in an unsecure location in his personal office at his law firm.

accurately to account for all funds transferred to his firm's operating accounts as attorney fees before making transfers; and failed to accurately debit attorney fees transferred to his firm's operating account against an appropriate account of the client and to record the same as such. In addition, the special master finds that every transaction Coulter executed or directed involving the 12 accounts violated Rule 1.15 (II) (a) because they were not deposited and administered from a trust account; and that he also violated Rule 1.15 (II) (b) in connection with the holding of the client's property in his office. Thus, the special master finds that Coulter's violations of the trust account rules alone demanded substantial discipline given that they were vast in scope, consisted of numerous violations involving seven-figure sums in the aggregate, and continued unabated over an extended period of time. The special master states that her conclusion is bolstered by this Court's forceful and definitive treatment of improper acquisitions of financial interests adverse to clients. See In the Matter of Oellerich, 278 Ga. 22, 22-23 (596 SE2d 156) (2004) (disbarment of attorney who, during his legal representation of the executor of an estate, received a loan from the estate for a corporation in which he was the sole shareholder and then defaulted on the loan); In the Matter of Henley, 267 Ga.

366, 369 (478 SE2d 134) (1996) ("A lawyer's representation of a client where the lawyer has a financial or personal interest which will or reasonably may affect the lawyer's professional judgment illustrates one of the most blatant appearances of impropriety.").

In addition, the special master points to the American Bar Association's Standards for Imposing Lawyer Sanctions, which are instructive in these types of cases, see In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996), and finds that, at most, there are three mitigating factors, as asserted in Coulter's petition for voluntary discipline, that are supported by the record: his remorse, see ABA Standard 9.32 (l); his good reputation, as indicated by his Martindale-Hubbell AV rating, see ABA Standard 9.32 (g); and, to some extent, his prophylactic changes in his office practices, see ABA Standard 9.32 (d), although the changes did not have any rectifying consequences for the client here.

The special master rejects most of Coulter's other suggested mitigating factors, and concludes that: (1) Coulter's substantial experience in the practice of law is an aggravating factor, see ABA Standard 9.22 (i); (2) his alleged absence of intent to violate the rules of professional conduct is not

demonstrated on the record and, even so, is not an aggravating or mitigating factor, although it can be taken into account when considering the level of discipline to impose, see In the Matter of Dansby, 274 Ga. 393, 394 (553 SE2d 157) (2001) (holding that disbarment is generally appropriate in cases involving trust account violations where respondent's conduct was intentional); and (3) the loss of this particular client's business (which made up approximately half of his law practice) is not considered a mitigating factor. In addition, the special master rejects Coulter's claim that he did not have a dishonest motive, given that: he was not forthcoming with the client about the financial burden he was incurring through the continued representation; there were substantial gaps in documentation of fees and expenses charged (including that Coulter could not even determine the exact amount of fees he received from the client in 2011); he gave no billing invoices or other documentation to his client for years; he took more than half of the client's revenue in 2011 to pay his attorney fees; he administered millions of dollars of client funds from numerous non-trust accounts; and he took possession of art that he knew would increase in value and that exceeded the total amount he claimed was owed to him.

In aggravation, the special master finds: that Coulter has received prior discipline in the form of a formal letter of admonition in 2003 and a public reprimand in 2017, see ABA Standard 9.22 (a); In the Matter of Coulter, 300 Ga. 654 (797 SE2d 492) (2017); that he had a dishonest or selfish motive, see ABA Standard 9.22 (b); that the facts demonstrated a pattern of misconduct, see ABA Standard 9.22 (c); that Coulter's misconduct encompassed multiple offenses, see ABA Standard 9.22 (d); and that Coulter had substantial experience in the practice of law, see ABA Standard 9.22 (i).

Having reviewed the record and given the serious nature of the violations at issue here, the number of aggravating factors, including Coulter's prior disciplinary history, and that the record facts demonstrate that Coulter did intend to violate the trust account rules, see Dansby, 274 Ga. at 394, we disagree with the special master's recommended four-year suspension and conclude that disbarment is an appropriate level of discipline in this matter. See, e.g., In the Matter of Anderson, 286 Ga. 137, 140-141 (685 SE2d 711) (2009) (disbarment was warranted for real estate closing attorney who violated Rules 1.15 (I) and (II) and had prior disciplinary history); In the Matter of Harris, 301 Ga. 378, 378-380 (801 SE2d 39) (2017) (disbarment was warranted

for attorney who violated Rules 1.15 (I) and (II) by misappropriating trust funds and commingling those funds with his own). See also ABA Standard 2.3 (suspension not to be longer than three years). Accordingly, it is hereby ordered that the name of Gary Lanier Coulter be removed from the rolls of persons authorized to practice law in the State of Georgia. Coulter is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur, except Melton, P. J., Hunstein, Blackwell, and Boggs, JJ., who dissent.

Decided June 18, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.