306 Ga. 383
FINAL COPY

S19Y0709.  IN THE MATTER OF CLARENCE A. SYDNOR IV.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline filed in February 2019 seeking the disbarment of Clarence A. Sydnor IV (State Bar No. 627173). After efforts to serve Sydnor personally with the Notice of Discipline proved unsuccessful, the State Bar properly served Sydnor by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Sydnor failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). Sydnor is currently suspended from the practice of law until further order of this Court based on a Special Master's recommendation that this Court accept Sydnor's petition for voluntary suspension, pending the

outcome of his disciplinary proceedings.[1] See <u>In the Matter of</u> <u>Sydnor</u>, S18Y1531 (August 15, 2018).

The facts, as deemed admitted by virtue of Sydnor's default, are as follows. In February 2018, Sydnor was retained by a client to represent her in a claim arising out of an automobile accident. On May 2, 2018, Sydnor settled the client's claim, on May 3, 2018, Geico Indemnity Company issued a settlement check in the amount of $8,300 payable to Sydnor and the client, and on May 8, 2018, the client executed a release and settlement agreement. Sydnor received the settlement check, forged the client's signature on the check, and deposited it into his operating account instead of his IOLTA account. Sydnor failed to inform the client that he received the settlement check or that he deposited the check into his operating account, and failed to disburse the settlement funds to the client. The client

---

[1] Sydnor currently has another matter pending before the same special master in an unrelated disciplinary matter. See <u>In the Matter of Sydnor</u>, Case No. S18B1257 (May 23, 2018) (appointing special master to hear claims arising out of Sydnor's representation of a client in a personal injury case).

attempted to contact Sydnor on numerous occasions about the status of her settlement, but Sydnor failed to respond.

The State Disciplinary Board found probable cause to believe that Sydnor violated Rules 1.2, 1.3, 1.4, 1.15 (I), 1.15 (II), and 8.4 of the Georgia Rules of Professional Conduct. The maximum sanction for a violation of Rules 1.4 and 1.15 (II) (c) is a public reprimand, while the maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), 1.15 (II) (a) and (b), and 8.4 in the present case is disbarment. In aggravation of the level of discipline, see Bar Rule 4-208.2 (a) (4), the State Disciplinary Board found that Sydnor acted with a dishonest and selfish motive.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Clarence A. Sydnor IV be removed from the rolls of persons authorized to practice law in the State of Georgia. Sydnor is reminded of his duties pursuant to Bar Rule 4-219 (b).

Disbarred.  All the Justices concur.

Decided July 1, 2019.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.