313 Ga. 151
FINAL COPY

S22Y0282. IN THE MATTER OF ANTHONY O. VAN JOHNSON.

PER CURIAM.

This disciplinary matter is before the Court pursuant to the report and recommendation issued by Special Master S. Jeffrey Rusbridge, who recommends that the Court accept the petition for voluntary discipline filed by Anthony O. Van Johnson (Bar No. 392232) and impose a six-month suspension from the practice of law and conditions for reinstatement for Van Johnson's multiple violations of the Georgia Rules of Professional Conduct set forth in Bar Rule 4-102 (d) in conjunction with his representation of two clients in civil matters. The Bar filed a formal complaint as to each client. Pursuant to Bar Rule 4-227 (c) (1), Van Johnson filed a petition for voluntary discipline, which he amended, admitting certain violations and agreeing to accept a suspension of three to six months. The Bar responded by recommending acceptance of Van Johnson's amended petition for voluntary discipline and that Van

Johnson receive a suspension of three to six months. The parties consented to entry of a final report and recommendation as to both complaints, which the Special Master entered.

The Special Master found the following facts to be established by the record, and we agree that the record supports his findings. Van Johnson has been a member of the State Bar since 1996. In State Disciplinary Board Docket ("SDBD") No. 7295, after settling a personal-injury client's case for $9,000 and depositing the settlement proceeds in his Lawyers Trust Account, Van Johnson did not, at that time, notify his client that he had received the funds and did not deliver to his client and to his client's medical-care providers the funds they were entitled to. Instead, Van Johnson paid himself $3,000 as his representation fee and transferred all the remaining funds in his trust account (except $1) to his law firm operating account, despite his client's making numerous requests for his portion of the settlement funds. Van Johnson responded to some of those requests with inaccurate information and did not respond at all to others. After the client filed a grievance with the Bar, Van

Johnson responded by filing this petition and admitting a violation of Rule 1.15, explaining that he had been dealing with public allegations of sexual assault that had negatively impacted his law practice, and stating that he would waive his representation fee and make the client whole by January 31, 2019. On or around February 27, 2019, Van Johnson paid the client and the client's medical-care providers the amounts they were owed, and Van Johnson has since refunded his $3,000 representation fee to the client.

In SDBD No. 7315, a client paid Van Johnson $1,500 in November 2018 to represent her in a contempt action against her ex-husband and to obtain a name change for her eldest son. Van Johnson delayed filing the contempt action on his client's behalf until March 2019, and did not file the name-change petition until April 2019. In the interim, Van Johnson failed to adequately communicate with his client regarding the status of her matters. Van Johnson has since refunded his $1,500 representation fee to the client.

Based on these facts, the Special Master found that Van Johnson had violated Rules 1.3, 1.4 (a), and 1.15 (I) and 1.15 (II). The maximum punishment for a violation of Rule 1.3 or 1.15 is disbarment, whereas the maximum punishment for a violation of Rule 1.4 is a public reprimand.

The Special Master considered the ABA Standards for Imposing Lawyer Sanctions. See *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996); ABA Standards 4.0 and 4.41. The Special Master then considered the existence of mitigating or aggravating factors. See ABA Standard 9.0 et seq. The Special Master found in mitigation that Van Johnson did not have a prior disciplinary record, had experienced personal or emotional problems that negatively impacted his law practice, and exhibited a cooperative attitude toward the proceedings.[1] See ABA Standard 9.32 (a), (c),

---

[1] The mitigating factor that Van Johnson experienced personal or emotional problems that negatively impacted his law practice refers to the sexual assault allegations he faced. In his original and amended petitions for voluntary discipline, Van Johnson stated that the sexual assault allegations were false allegations, and that he was later charged with a felony for improper administration of a drug, which charge was dismissed. According to his

and (e). The Special Master found in aggravation that Van Johnson had multiple offenses as part of this case and substantial experience in the practice of law. See ABA Standard 9.22 (c) and (i).

After acknowledging that an attorney's misuse of a client's funds is punishable by a maximum penalty of disbarment and that under the ABA Standards, disbarment is appropriate for a knowing conversion of client property that causes potential injury to the client, the Special Master noted that penalties in Georgia cases for misusing client funds range from reprimands to various lengths of suspension to the ultimate penalty of disbarment. Compare *In the Matter of Turner*, 289 Ga. 563, 564 (713 SE2d 867) (2011) (imposing

---

deposition testimony, a former employee falsely accused him of drugging her and sexually assaulting her. He testified that the district attorney dismissed the single charge which stemmed from these false allegations. He testified that the ordeal traumatized him and impacted his ability to represent the clients involved in this case, and that these matters are what caused him to suffer from personal and emotional distress that contributed to his behavior in this case. In the State Bar's response to Van Johnson's Amended Petition for Voluntary Discipline, the State Bar noted that the mitigating factor of personal or emotional problems "applies with significant weight." The Special Master appears to have credited Van Johnson's assertions that these allegations were false and that enduring these false allegations caused the personal and emotional problems that contributed to his professional misconduct. There is evidence in the record to support findings to that effect.

Review Panel reprimand for lawyer who admitted to unauthorized manipulation of client contract and funds, but who was remorseful, cooperated with disciplinary proceedings, had no prior disciplinary history, made restitution, and provided evidence of good character), with *In the Matter of Storrs*, 300 Ga. 68, 68-69 (792 SE2d 664) (2016) (imposing three-month suspension for lawyer who misappropriated $11,150 of client funds and had one prior disciplinary matter, but suffered from emotional and mental distress, cooperated with disciplinary proceedings, made restitution, and had a record of community service), *In the Matter of Freeman*, 269 Ga. 906, 906-909 (506 SE2d 872) (1998) (imposing three-month suspension for lawyer who misappropriated $5,736.04 of client funds, but suffered from depression, provided evidence of good character and community and professional service, had no prior disciplinary record, and reported his own misconduct to the Bar), *In the Matter of Duncan*, 301 Ga. 898, 898-901 (804 SE2d 342) (2017) (imposing six-month suspension for lawyer who misappropriated $14,800 of client funds and had multiple disciplinary matters, but who had no prior disciplinary

history, made restitution, and suffered from mental and emotional difficulties), *In the Matter of Terrell*, 291 Ga. 91, 91-92 (727 SE2d 499) (2012) (imposing six-month suspension for lawyer who misappropriated client funds, but suffered from personal and emotional problems, made restitution, had no prior disciplinary history, and exhibited good character), *In the Matter of Champion*, 275 Ga. 140, 140 (562 SE2d 179) (2002) (imposing 12-month suspension for lawyer who misappropriated client funds and did not initially admit wrongdoing, but who was remorseful, made restitution, sought treatment for mental and emotional problems, and had no prior disciplinary history), *In the Matter of Veach*, 310 Ga. 470, 470-473 (851 SE2d 590) (2020) (imposing 18-month suspension for lawyer who misappropriated $27,443.23 of client funds, but had no prior disciplinary history, suffered from mental and emotional problems, made restitution, and was remorseful), and *In the Matter of Sydnor*, 306 Ga. 383, 384-385 (830 SE2d 732) (2019) (disbarring lawyer who misappropriated settlement check of $8,300 by depositing it into his operating account, never informed or

7

responded to client, never made restitution, and who was found to have acted with a dishonest and selfish motive without mitigating factors).

The Special Master concluded that Van Johnson's case was most similar to *Duncan* and *Terrell*, in which this Court imposed six-month suspensions, because those cases involved similar facts and rule violations. The Special Master noted that Van Johnson has made full restitution to his clients, has no prior disciplinary record, was experiencing significant mental and emotional distress, and admitted his inappropriate conduct in an early and cooperative manner. Accordingly, the Special Master concluded that a six-month suspension from the practice of law was the appropriate sanction, with reinstatement to be conditioned upon Van Johnson's completing an assessment of his law practice as directed by the Law Practice Management Program of the State Bar and providing a certification of compliance with the assessment and any recommendations resulting therefrom.

Having considered the record, we agree that a six-month suspension with conditions for reinstatement constitutes an appropriate sanction in this case. At the conclusion of the six-month suspension, Van Johnson may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions on reinstatement. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Accordingly, we hereby accept Van Johnson's petition for voluntary discipline and order that he be suspended from the practice of law for a period of six months from the date of this opinion, with the conditions for readmission set forth above. Van Johnson is reminded of his duties under Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted. Six-month suspension with conditions for reinstatement. All the Justices concur.*

Decided February 1, 2022.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittleman, William Van Hearnburg, Jr., Assistant General Counsel State Bar*, for State Bar of Georgia.

*Warren R. Hinds*, for Van Johnson.