In the Supreme Court of Georgia

Decided: May 3, 2022

S22Y0718. IN THE MATTER OF DONALD FRANCIS HAWBAKER.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master LaRae D. Moore, recommending that the Court accept respondent Donald Francis Hawbaker's (State Bar No. 908709) petition for voluntary surrender of his license following his felony convictions. See Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct ("GRPC") (conviction of a felony is a violation of the GRPC and the maximum penalty is disbarment), found in Bar Rule 4-102 (d).

The record shows the following. Hawbaker has been a member of the State Bar since 2013 and has been a member of the Texas Bar since 1979. He is currently incarcerated following his July 2, 2021

guilty pleas in the Superior Court of Spalding County to five felony counts of aggravated assault on a peace officer; he was sentenced on each count to a term of 20 years, serve 10, with the counts to run concurrently. The factual basis for the guilty pleas is that deputies went to Hawbaker's home on February 4, 2020, to serve an arrest warrant on him for simple assault and disorderly conduct, but Hawbaker refused to leave his home and opened fire on the deputies. Pursuant to the State Bar's request, this Court appointed a Special Master, see Bar Rule 4-106, and thereafter, Hawbaker submitted his petition for voluntary surrender, admitting that by his convictions he violated GRPC Rule 8.4 (a) (2).

In a thorough report and recommendation, the Special Master recommended that the Court accept the petition for voluntary surrender. The special master concluded that allowing an attorney with such egregious felony convictions to practice law would seriously erode the public's confidence in the profession. We agree, especially given that the evidence in mitigation was insufficient to justify a lesser penalty. Although Hawbaker cooperated in the

2

disciplinary proceeding and had no prior disciplinary record, he did not acknowledge the wrongful nature of his conduct, express any remorse for the serious injury that he could have caused, or admit that he caused serious damage to the legal profession generally. See *In the Matter of Ortman*, 289 Ga. 130, 130-131 (709 SE2d 784) (2011) (Although disbarment is considered the typical level of discipline imposed in cases involving violent felonies, "we have never foreclosed the possibility that a lesser punishment than disbarment might be appropriate where the circumstances and mitigating factors are sufficient to justify a lesser penalty." (citations omitted)).

Following the docketing of the record in this Court, neither party submitted a response. Having reviewed the record, we agree to accept the Special Master's recommendation, which is consistent with prior similar cases. See, e.g., *In the Matter of Zeh*, 313 Ga. 56 (867 SE2d 124) (2021) (accepting petition for voluntary surrender of license following respondent's conviction for aggravated assault and simple assault); *In the Matter of Pronk*, 281 Ga. 511 (640 SE2d 32) (2007) (accepting petition for voluntary surrender of license

3

following respondent's conviction for aggravated assault); *In the Matter of Baumhammers*, 274 Ga. 760 (559 SE2d 482) (2002) (accepting petition for voluntary surrender of license following respondent's conviction for murder and aggravated assault); *In the Matter of Collins*, 263 Ga. 185, 185 (429 SE2d 908) (1993) (conviction for aggravated assault warranted disbarment). Therefore, we accept Hawbaker's petition for voluntary surrender of his license, which is tantamount to disbarment. See GRPC Rule 1.0 (r).

Accordingly, it is hereby ordered that the name of Donald Francis Hawbaker be removed from the rolls of persons authorized to practice law in the State of Georgia. Hawbaker is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*