NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 13, 2024

S24Y1070. IN THE MATTER OF ANTHONY O. VAN JOHNSON

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Samuel Rusbridge, who recommends that the Court grant the petition for voluntary discipline filed by respondent Anthony O. Van Johnson (State Bar No. 392232) pursuant to Bar Rule 4-227 (c) after the filing of a formal complaint. Van Johnson, a member of the State Bar since 1996, filed the petition seeking the acceptance of his voluntary surrender of license to practice law for his admitted violations of Rules 1.2 (a), 1.3, 1.4, 1.15 (I), 1.16 (d), 5.5 (a), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct ("Rules") found in Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.2 (a), 1.3, 1.15 (I), 5.5 (a), or 8.4 (a) (4) is disbarment. The maximum penalty

for violation of Rule 1.4 or 1.16 (d) is a public reprimand. The voluntary surrender of Van Johnson's license to practice law is tantamount to disbarment. See Rule 1.0 (s). Having reviewed the record, we agree to accept Van Johnson's petition for voluntary discipline.

1. *Petition for Voluntary Discipline*

    (a) *Admissions of Fact and Conduct*

The petition concerns four underlying disciplinary matters, and Van Johnson admits to the following facts. With regard to State Disciplinary Board Docket ("SDBD") Nos. 7777 and 7778, Client One retained Van Johnson to represent her in connection with a personal injury action in November 2021. During the course of that representation, Van Johnson was suspended from the practice of law for six months beginning in February 2022 related to a different disciplinary matter. See *In the Matter of Van Johnson*, 313 Ga. 151 (868 SE2d 794) (2022). Van Johnson failed to inform Client One of his suspension and continued to represent her. During his suspension, Van Johnson settled Client One's claims in April of 2022

but falsely told the client in May 2022 that he was still engaged in negotiations with the insurer even after receiving a settlement check for $47,000 from the insurer. The check was made jointly payable to Client One and Van Johnson, and Van Johnson forged Client One's signature on the check and cashed it, retaining the funds for himself. After receiving no communication from Van Johnson, Client One contacted the insurer directly and learned that her case had been settled and a check had been issued. Client One confronted Van Johnson, who wrote a check to Client One for $28,759. Client One deposited the check, but Van Johnson had put a stop-payment order on it, so her bank was unable to honor the check. Client One has not received any payment from Van Johnson, nor has Van Johnson paid any of Client One's medical liens, which have negatively affected Client One's credit.

With regard to SDBD No. 7811, in October 2022, Client Two paid Van Johnson a $3,000 retainer to represent her in a divorce case. Client Two met with Van Johnson in November or December 2022 to review a draft of her divorce petition. Van Johnson promised

3

to correct errors pointed out by Client Two, but he never contacted her again and never filed her divorce petition. Client Two was forced to hire a new attorney to handle her divorce. Van Johnson sent a letter to the State Bar in December 2022 stating his intention to refund Client Two's $3,000 retainer, but had not done so by the time he filed his petition.

With regard to State Disciplinary Board File No. 230071, in October 2021, Client Three hired Van Johnson to represent her in a criminal matter and paid him in installments. On the same day she made her final payment, Client Three turned herself in for arrest. Van Johnson assured her that he would attend her bond hearing, which was scheduled for the following day, but he failed to do so. Client Three did not hear from him again until December 2021, when he told her that he had been out of the country. Van Johnson promised to follow up with her the next day, but he did not. Despite taking $3,500 from Client Three and promising to represent her in her criminal case, Van Johnson never filed an entry of appearance or took any other action on Client Three's behalf.

On or about December 23, 2021, Client Three informed Van Johnson in an email that there was a new case pending in juvenile court related to her criminal charges. Van Johnson responded that that it would cost $4,500 for his representation in that case. Client Three paid Van Johnson $1,500 in January 2022, but a few days after she paid him, the Georgia Division of Family & Children Services ("DFCS") returned Client Three's children to her custody. The juvenile court case was later dismissed. Client Three advised Van Johnson accordingly and requested a refund of her $1,500 payment because her case had been resolved. In February 2022, Client Three received a folder from Van Johnson containing her file and a letter stating that he was no longer practicing law. The letter advised her to find another attorney. Van Johnson promised to refund her money, but he never did. Van Johnson denied to the State Bar that he was ever retained for the juvenile court case, but he is listed as Client Three's counsel in court documents filed in January 2022, and the juvenile court judge confirmed that Van Johnson had contacted the court on Client Three's behalf.

(b) *Admissions of Rule Violations*

With regard to SDBD Nos. 7777 and 7778, Van Johnson admits that he violated Rule 1.2 (a)[1] when he engaged in settlement negotiations and reached a settlement agreement without Client One's knowledge or participation. Van Johnson admits he violated Rule 1.4 (a) (2), (a) (3), and (b)[2] when he failed to consult with Client One during settlement negotiations and failed to obtain her approval on the settlement amount; when he failed to inform her that he had settled her case and received payment for that settlement; when he falsely told her that he was still engaged in settlement negotiations even after he had settled the case and

---

[1] Rule 1.2 (a) provides in part that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter."

[2] Rule 1.4 (a) (2) provides that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished." Rule 1.4 (a) (3) provides that a lawyer shall "keep the client reasonably informed about the status of the matter." Rule 1.4 (b) requires lawyers to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

received payment; and when he failed to explain the status of the case and concealed the actual status of her case from her, which prevented her from being able to make informed decisions.

Van Johnson admits that he violated Rule 1.15 (I) (a), (b), and (c)[3] when he failed to hold Client One's funds separate from his own

---

[3] Rule 1.15 (I) provides:

(a) A lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property. Funds shall be kept in one or more separate accounts maintained in an approved institution as defined by Rule 1.15 (III) (c) (1). Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of six years after termination of the representation.

(b) For the purposes of this rule, a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession if:

(1) the interest is known to the lawyer, and

(2) the interest is based upon one of the following:

(i) A statutory lien;

(ii) A final judgment addressing disposition of those funds or property; or

(iii) A written agreement by the client or the lawyer on behalf of the client guaranteeing payment out of those funds or property.

The lawyer may disregard the third person's claimed interest if the lawyer reasonably concludes that there is a valid defense to such lien, judgment, or agreement.

funds by converting them for his own use; when he disregarded the third-party interests of health care providers by failing to pay Client One's medical liens; when he failed to inform Client One that the insurer had sent him a settlement check; and when he failed to promptly deliver her funds by sending her a check and then stopping payment on the check before she could deposit it. Van Johnson admits that he violated Rule 5.5 (a)[4] when he engaged in negotiations and/or held himself out to Client One to be engaged in negotiations on her behalf, during a period in which he was suspended from the practice of law. Van Johnson admits that he

(c) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

[4] Rule 5.5 (a) provides that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction . . . ."

violated Rule 8.4 (a) (4)[5] when he forged Client One's signature on the settlement check made out to both him and Client One; when he converted Client One's funds and funds owed to third parties for his own use; and when he requested that his bank stop payment on the check he had written to Client One before she could deposit it.

With regard to SDBD No. 7811, Van Johnson admits that he violated Rule 1.3[6] when he failed to file Client Two's petition for divorce after being retained to do so. Van Johnson admits that he violated Rule 1.4 (a) (3) when he failed to contact Client Two or respond to any of her inquiries about the status of her case following their meeting to review her divorce petition. Van Johnson admits

---

[5] Rule 8.4 (a) (4) provides that it shall be a violation of the Rules for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

that he violated Rule 1.16 (d)[7] when he failed to refund Client Two's payment of $3,000, which was unearned and remains unpaid.

With regard to State Disciplinary Board File No. 230071, Van Johnson admits that he violated Rule 1.2 (a) when he failed to consult with Client Three during either of her cases and took some action without her knowledge. Van Johnson admits that he violated Rule 1.3 when he failed to take any action at all in Client Three's criminal case after being retained to represent her. He admits that he violated Rule 1.4 (a) (2), (3), and (4) when he failed to discuss either case with Client Three; when he failed to update Client Three about either case; and when he failed to respond to Client Three's numerous inquiries about both cases. Van Johnson admits that he violated Rule 1.5 (a)[8] in both of Client Three's cases by collecting fees

---

[7] Rule 1.16 (d) provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

[8] Rule 1.5 (a) provides that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

for cases in which he performed very little to no work. Van Johnson states that he violated Rule 1.16 (d) when he failed to inform Client Three in both of her cases "that he was not actually representing her; when he prevented her from employing other counsel by leading her to believe that he would actually represent her; and when he failed to refund advance payment of fees that he never earned."[9]

Finally, Van Johnson asks that the Special Master and the Court accept the voluntary surrender of his license to practice law in Georgia.

2. *State Bar Response*

The State Bar contends that Van Johnson's petition contains admissions of fact and conduct sufficient to authorize the imposition of the discipline he has requested, as Van Johnson admitted to violating Rules 1.2 (a), 1.3, 1.15 (I), 5.5 (a), and 8.4 (a) (4) wherein

---

[9] As Van Johnson's factual admissions — in addition to his admission of a violation of this rule — demonstrate that he did indeed represent Client Three in both of her cases, it appears that he is using the phrase "not actually representing her" to mean "not actually performing work on her cases" in this context rather than attempting to claim that he never actually represented Client Three.

11

the maximum penalty for a single violation of each is disbarment. The State Bar states that the imposition of the discipline sought by Van Johnson meets the objectives this Court set forth in *In the Matter of Dowdy*, 247 Ga. 488, 493 (4) (277 SE2d 36) (1981), to penalize the offender, deter others, and indicate to laymen that the courts will maintain the ethics of the profession.

The State Bar notes that, pursuant to the ABA Standards for Imposing Lawyer Discipline ("ABA Standards"), particularly ABA Standard 4.41, disbarment is generally appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client or a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to the client. The State Bar further notes that ABA Standard 4.61 provides that disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another and causes serious injury or potential serious injury to the client. The State Bar suggests that Van Johnson's full disclosure to the disciplinary board and

cooperative attitude toward the proceedings are mitigating factors. See ABA Standard 9.32. The State Bar suggests that the following may be considered in aggravation: (1) prior disciplinary offenses; (2) dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple offenses; (5) substantial experience in the practice of law; (6) indifference to making restitution; and (7) illegal conduct. See ABA Standard 9.22.

The State Bar notes that cases addressing some of the rules violations at issue here, including Rules 1.3, 1.15 (I), and 8.4 (a) (4), have resulted in disbarment. See, e.g., *In the Matter of Sydnor*, 306 Ga. 383 (830 SE2d 732) (2019); *In the Matter of Sakas*, 306 Ga. 504 (831 SE2d 734) (2019). Accordingly, the State Bar recommends that the Special Master and the Court accept Van Johnson's petition for voluntary discipline surrendering his license to practice law.

3. *Report and Recommendation of the Special Master*

The Special Master made findings of fact and conclusions of law in accordance with those detailed in Van Johnson's petition for voluntary discipline and the State Bar's response. The Special

13

Master agreed with the State Bar's analysis of the ABA Standards as applied to this disciplinary matter and agreed that the discipline sought by Van Johnson meets the objectives set forth in *Dowdy*. Accordingly, the Special Master recommended that the Court grant Van Johnson's petition for voluntary discipline surrendering his license to practice law.

4. *Analysis*

We have reviewed the record and agree to accept Van Johnson's petition for voluntary discipline where he requests that this Court accept the voluntary surrender of his license,[10] which is tantamount to disbarment. See *In the Matter of Sydnor*, 306 Ga. at 384 (disbarring lawyer who forged client's signature on settlement check, deposited check in operating account instead of IOLTA

---

[10] The Special Master also concluded that it was clear from Van Johnson's admissions that he violated Rule 3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.") by failing to file Client Two's petition for divorce after being retained to do so. Although a violation of Rule 3.2 was charged in the Formal Complaint for SDBD No. 7811, it was not specifically included in Van Johnson's petition for voluntary discipline. In accepting Van Johnson's petition, we do not rely on the Special Master's finding regarding the violation of Rule 3.2, a violation that provides a maximum penalty of a public reprimand.

account, failed to inform client he received the settlement check, and failed to disburse funds to client); *In the Matter of Sakas*, 306 Ga. at 507 (disbarring lawyer who purported to represent clients while he was suspended from the practice of law, failed to perform agreed-upon work, failed to respond to inquiries from clients about the status of their matters, and failed to return the unearned portion of fees upon termination of the representation). Accordingly, it is ordered that the name of Anthony O. Van Johnson be removed from the rolls of persons authorized to practice law in the State of Georgia. Van Johnson is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*