NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: December 20, 2024

S25Y0078.  IN THE MATTER OF WENDY R. BARNES.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of Special Master Chong J. Kim, filed pursuant to Bar Rule 4-106 (e). The Special Master recommends that we disbar Respondent Wendy R. Barnes[1] (State Bar No. 744854), because her three felony convictions violate Rule 8.4 (a) (2)[2] of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102 (d). Barnes has not excepted to the recommendation. See Bar Rule 4-218.

---

[1] Barnes is also known as Wendy R. Webb.

[2] Rule 8.4 (a) (2) provides that "[i]t shall be a violation of the [GRPC] for a lawyer to . . . be convicted of a felony."

We agree that disbarment is appropriate given the facts of this case.

The record shows that in January 2022, Barnes entered a guilty plea in the Superior Court of Cobb County, Georgia to two counts of felony obstruction of a law enforcement officer – both counts for resisting arrest – and one count of felony aggravated battery, for injuring one of the arresting officers.[3] The superior court sentenced Barnes pursuant to the First Offender Act to a total of ten years to serve one. Upon learning of Barnes's conviction, the State Bar filed a petition to initiate disciplinary proceedings pursuant to Bar Rule 4-106 (establishing a shortened timeframe for disciplinary proceedings based on an attorney's conviction of a crime); this Court appointed a Special Master; and the Bar personally served Barnes with the petition and the order of appointment.

Although Barnes was consulted about, and notified of, the date of the show cause hearing, she failed to appear. At the hearing, the

---

[3] Barnes also pleaded guilty to failure to maintain lane and driving under the influence, both misdemeanors, which we do not consider here.

Bar introduced a certified copy of the convictions and introduced other documents from the underlying criminal case. Thereafter, the Special Master issued her Report and Recommendation, determining that Barnes received proper notice and had actual knowledge of the hearing, and that Barnes was afforded due process regarding this matter. The Special Master concluded that the Bar had established the three felony convictions, and ruled that because of those convictions, Barnes violated Rule 8.4 (a) (2), for which the maximum penalty is disbarment.

The Special Master further concluded that Barnes's convictions for felony obstruction and aggravated battery involved the "violent criminal act" of obstructing law enforcement officers "in the lawful discharge of [their] official duties," which includes as a "necessary element" intentional interference "with the administration of justice," and which resulted in "actual physical injury" to one of the officers. Therefore, the Special Master determined that the presumptive penalty for Barnes's conduct was disbarment. See ABA Standard 5.11 (disbarment generally

appropriate when a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice).[4]

The Special Master considered, in aggravation of penalty, that Barnes had substantial experience in the practice of law. See ABA Standard 9.22 (i). The Special Master considered, in mitigation of penalty, the absence of a prior disciplinary history and the absence of evidence of a dishonest or selfish motive. See ABA Standards 9.32 (a) and (b). Considering these additional factors, the Special Master concluded that disbarment was the appropriate sanction for Barnes's violation of Rule 8.4 (a) (2).

Neither party requested review by the Review Board or filed exceptions to the Special Master's Report and Recommendation. Therefore, the matter is ripe for this Court's consideration.

---

[4] This Court looks "to the [ABA's] standards for guidance in determining the appropriate sanction to impose," and "[a]mong the factors to consider are the duty violated, the lawyer's mental state, the injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996).

"[D]isbarment is considered the typical level of discipline imposed in cases like this one[,] involving violent felonies[.]" *In re Ortman*, 289 Ga. 130, 131 (709 SE2d 764) (2011) (citation omitted). See *In re Collins*, 263 Ga. 185, 185-186 (429 SE2d 908) (1993) (disbarring for conviction of one count of aggravated assault). Compare *In the Matter of Hawbaker*, 314 Ga. 77, 78 (872 SE2d 690) (2022) (accepting voluntary surrender of a bar license for violating Rule 8.4 (a) (2) following guilty pleas to five felony counts of aggravated assault of a police officer). [5]

Likewise, disbarment is an appropriate sanction in matters involving felony convictions for crimes of interference with the administration of justice, in this case felony obstruction of police. See *In the Matter of Hutto*, 292 Ga. 556, 556 (739 SE2d 385) (2013) (disbarring for violating Rule 8.4 (a) (2) based on a federal felony conviction for withholding information on a crime). Compare *In Re*

---

[5] Voluntary surrender of a law license "is tantamount to disbarment." *In the Matter of Van Johnson*, 319 Ga. 627, 632 (4) (905 SE2d 625) (2024) (citation omitted)

*Gardner*, 286 Ga. 623, 624 (690 SE2d 611) (2010) (accepting voluntary surrender of license for violating Rule 8.4 (a) (3) based on misdemeanor obstruction of police by giving false information to the GBI during an interview). Having reviewed the record, which we again note contains no argument or evidence from Barnes, we agree with the Special Master that disbarment is the appropriate sanction here. Accordingly, we hereby order that the name of Wendy R. Barnes be removed from the rolls of persons authorized to practice law in the State of Georgia. Barnes is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*