**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26Y0623

In the Matter of Andrew Thurston Murphy

Decided: June 16, 2026

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master LaRae Dixon Moore pursuant to Bar Rule 4-106 (governing the disciplinary process following an attorney's conviction for a felony or misdemeanor involving moral turpitude). In her report, the Special Master recommends that the Court disbar Andrew Thurston Murphy (State Bar No. 516099), who has been a member of the State Bar since 2013, for his violation of Rule 8.4(a)(2) of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102(d).[1] The maximum penalty for a violation of this Rule is disbarment. Neither Murphy nor the Bar has sought review by the Review Board or filed exceptions to the Special Master's report, and the record before us supports the Special Master's findings of fact and conclusions of law. Therefore, we agree that disbarment is appropriate under the facts of this case.

The record shows that on December 6, 2024, Murphy pled guilty to 13 felony counts of Terroristic Threats pursuant to OCGA § 16-11-37(b) and four felony counts of Intimidation of a

---

[1] Murphy is currently suspended for failing to adequately respond to a notice of investigation issued in a related but separate matter. See *In the Matter of Murphy*, S24Y0065 (Aug. 24, 2023).

Court Officer pursuant to OCGA § 16-10-97 in the Superior Court of Cobb County. Murphy was sentenced to serve a total of 15 years, with the first seven in confinement. The record underlying the criminal matter showed that Murphy served as trial counsel for a defendant charged with aggravated assault and possession of a firearm during the commission of a crime. During his representation of the client, Murphy sent a barrage of harassing emails containing opprobrious language and terroristic threats to the superior court judge overseeing his client's case, the then-elected District Attorney of the Cobb County Judicial Circuit, the then-Chief Assistant District Attorney, the Assistant District Attorney assigned to his client's case, and other court personnel. On February 11, 2025, the State Bar petitioned this Court to appoint a Special Master to conduct a show cause hearing. See Bar Rule 4-106(a).[2] This Court appointed the Special Master, who held the show cause hearing on November 21, 2025. At the hearing, the State Bar introduced certified copies of the disposition, indictment, and waiver of rights form for Murphy's non-negotiated guilty plea and argued that Murphy should be disbarred. Murphy did not attend the hearing.

Following the show cause hearing, the Special Master issued her report and recommendation, in which she recounted the crimes for which Murphy was convicted and concluded that he violated Rule 8.4(a)(2).[3] The Special Master then noted that the presumptive penalty for Murphy's misconduct under the ABA

---

[2] Rule 4-106(a) provides that "[u]pon receipt of information or evidence that a conviction for any felony … has been entered against a lawyer, … [t]he Office of the General Counsel shall petition the Supreme Court of Georgia for the appointment of a Special Master to conduct a show cause hearing."

[3] Rule 8.4(a)(2) provides that "[i]t shall be a violation of the [GRPC] for a lawyer to … be convicted of a felony").

2

Standards was disbarment. See ABA Standards 5.11(a) (disbarment is generally appropriate when "a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice"); 6.31(c) (disbarment is generally appropriate when a lawyer "improperly communicates with someone in the legal system other than a witness, judge, or juror with the intent to influence or affect the outcome of the proceeding"). Next, the Special Master determined that there were five applicable aggravating factors: dishonest or selfish motive, a pattern of misconduct, multiple offenses, substantial experience in the practice of law, and illegal conduct. See ABA Standard 9.22(b), (c), (d), (i), (k). In mitigation, the Special Master noted that Murphy had no prior disciplinary record, see ABA Standard 9.32(a), but explained that the "aggravating factors outweigh the single mitigating factor." The Special Master then concluded that "the only appropriate discipline in this matter is disbarment."

Upon our review of the record, we agree with the Special Master that Murphy violated Rule 8.4(a)(2) and that disbarment is appropriate, as it is consistent with the discipline imposed in similar cases where an attorney violates Rule 8.4(a)(2) by committing a felony that involves the interference with justice.[4] See, e.g., *In the Matter of Barnes*, 320 Ga. 589 (2024) (disbarring attorney who violated Rule 8.4(a)(2) by being convicted of felony obstruction of a law enforcement officer among other crimes); *In the Matter of Hutto*, 292 Ga. 556 (2013) (disbarring attorney who violated Rule 8.4(a)(2) by being convicted of one felony count of withholding information on a crime); *In the Matter of Skandalakis*,

---

[4] We note that in imposing this sanction, we have not relied on "multiple offenses" in aggravation of discipline under ABA Standard 9.22(d), given that Murphy has not been charged with violating multiple Rules in this matter.

3

279 Ga. 865 (2005) (disbarring attorney who violated Rule 8.4(a)(2) by being convicted of one felony count of making a false statement where attorney lied to an agent of the Federal Bureau of Investigation).

Accordingly, it is hereby ordered that the name of Andrew Thurston Murphy be removed from the rolls of persons authorized to practice law in the State of Georgia.[5] Murphy is reminded of his duties under Bar Rule 4-219(b).

*Disbarred. All the Justices concur.*

---

[5] The related pending matter, *In the Matter of Murphy* (S25Y1477), will be placed on the Court's inactive docket and held, in the event that Murphy elects to apply for reinstatement to the practice of law in the State of Georgia.